1  Alexander Douglas Plank
2  c/o Arise Artists Agency
3  PO Box 930
4  Manhattan Beach, CA 90267
5  Phone: (703) 966-8504
6  Email: alex@alexplank.com

FILED
CLERK, U.S. DISTRICT COURT
8/19/2025
CENTRAL DISTRICT OF CALIFORNIA
BY       RYO       DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER DOUGLAS PLANK, ) | Case No.: 2:25-cv-07523-AB-SSCx |
| Plaintiff, ) | |
| vs. ) | PLAINTIFF'S MOTION FOR |
| SAG-AFTRA ) | RECONSIDERATION OF ORDER |
| Defendant ) | DENYING EX PARTE TRO (L.R. 7-18) |
| ) | |

## I. INTRODUCTION

Plaintiff respectfully moves for reconsideration of the Court's August 19, 2025 Order (Dkt. 20) denying Plaintiff's Ex Parte Motion for Temporary Restraining Order ("TRO").

Reconsideration is warranted under Local Rule 7-18 because the Court's August 19, 2025 Order (Dkt. 20) denied Plaintiff's Ex Parte Application as moot, reasoning that "Defendant has already mailed the ballot package" and therefore the Court was "unable to enjoin Defendant from mailing the ballot packages." Respectfully, this conclusion does not account for ongoing conduct that the proposed TRO would prevent, including the persistent electronic distribution, that continues to cause irreparable harm and that can still be enjoined.

Additionally, reconsideration is warranted under L.R. 7-18 because the Court's ruling relied on a material factual error due to the delay in the Clerk's docketing of multiple documents: it found Plaintiff "failed to provide the required written notice on his good faith efforts to advise opposing counsel" under Local Rule 7-19.1, when in fact Plaintiff filed PLAINTIFF'S SUPPLEMENTAL MEMORANDUM AND DECLARATION IN SUPPORT OF EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER (Dkt. 18) (hereinafter, the "*Supplemental Memorandum*") on August 14, 2025 expressly declaring under penalty of perjury the steps taken to notify opposing counsel and, on August 18, 2025, Plaintiff filed PLAINTIFF'S MEMORANDUM IN REPLY TO DEFENDANT'S OPPOSITION TO APPLICATION FOR TEMPORARY RESTRAINING ORDER (the "*Reply Memorandum*") that outlined the reason oral service constituted a barrier to access for him specifically. Plaintiff also filed PLAINTIFF'S MOTION FOR CLARIFICATION (the "*Motion for Clarification*") shortly before the Court's August 19, 2025 Order.

Finally, reconsideration is warranted because the Court's merits analysis overlooked filings that addressed likelihood of success, irreparable harm, equities, and the public interest, leaving its ruling based on an incomplete record (L.R. 7-18). Although

1  Plaintiff timely filed the *Supplemental Memorandum* (Dkt. 18) that included a declaration
2  describing the steps he took to notfiy opposing counsel and a *Reply Memorandum* t o
3  Defendant's Opposition (Dkt. 18) which set forth the Winter factors and explained why
4  oral-only notice constituted a barrier under the ADA — precisely the information that
5  would have justified the granting of the TRO. However, Dkt. 18 was not entered until the
6  very day of the Court's ruling and thus was not before the Court for a sufficient period of
7  time to be meaningfully considered, and the *Reply Memorandum* remains absent from the
8  docket altogether.

## II. LEGAL STANDARD

Local Rule 7-18 permits reconsideration of an order where:

a) "a material difference in fact or law exists … that could not reasonably have been known at the time of the decision";

b) "the emergence of new material facts or a change of law" occurs; or

c) "a manifest showing of a failure to consider material facts presented to the Court before such decision."

Here, the third prong is satisfied.

## III. ARGUMENT

**A. The Court's Mootness Ruling Was Based on an Incomplete Record and Clear Error**

Reconsideration is warranted because the Court's August 19, 2025 Order (Dkt. 20) denied Plaintiff's Ex Parte Application as moot, reasoning that "Defendant has already mailed the ballot package" and therefore the Court was "unable to enjoin Defendant from mailing the ballot packages." Order at 3–4. Respectfully, this conclusion does not account for ongoing conduct that continues to cause irreparable harm and that can still be enjoined.

Specifically, Defendant continues to publish the altered Voter Information Guide on its website, making the cropped photograph of Plaintiff publicly available to all SAG-AFTRA members and the public. This ongoing online publication demonstrates that

effective relief remains possible: the Court may order Defendant to cease publishing and distributing the altered guide in electronic form, even if the mailing has occurred.

Plaintiff's *Proposed Order*, filed with the Ex Parte Application, anticipated this ongoing harm by expressly requesting that Defendant be enjoined and restrained from:

> "printing, publishing, mailing, distributing, or otherwise disseminating any member guide, mailing, or other communication that contains a photograph of Plaintiff which has been altered to crop out Plaintiff's service animal or which otherwise materially misrepresents Plaintiff's disability accommodations, pending further order of this Court."

This language reflects the fact that harm is not limited to the physical mailing. Online publication is a continuing act, and its effects are ongoing and irreparable. The Supreme Court has held that a case is only moot when "it is impossible for the court to grant any effectual relief whatever to the prevailing party. United States v. Philip Morris USA Inc., 566 F.3d 1095, 1135 (D.C. Cir. 2009) (quoting City of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000)).

The Supreme Court has likewise emphasized that "where one of the several issues presented becomes moot, the remaining live issues supply the constitutional requirement of a case or controversy." Powell v. McCormack, 395 U.S. 486, 496 (1969).

Accordingly, the TRO request is not moot. The Court retains authority to order effective relief, including removing or correcting the Voter's Guide on Defendant's website, and prohibiting further dissemination in any medium. Reconsideration is therefore appropriate under Local Rule 7-18(c) because there is "a manifest showing of a failure to consider material facts presented to the Court before the Order was entered" — namely, that the Court's finding of mootness rested on the assumption that relief was no longer possible, when in fact Defendant has continued publication of the altered guide online.

As the Supreme Court has emphasized, a case is not moot where "one of the several issues presented becomes moot [but] the remaining live issues supply the

constitutional requirement of a case or controversy." *Powell v. McCormack*, 395 U.S. 486, 497 (1969). Because the Court's mootness determination overlooked Plaintiff's *Supplemental Memorandum (Dkt. 18)*, and controlling precedent, reconsideration is warranted under Local Rule 7-18(c) .

**B. The Court's Finding of Procedural Deficiency Was Based on an Incomplete Record and Misstatements by Opposing Counsel**

The Court's Order states: *"Plaintiff failed to provide the required written notice to this Court ... making his Ex Parte Application procedurally deficient."* (Dkt. 20 at 3) However, on August 14, 2025 at 1:25PM — one day after filing the TRO application — Plaintiff submitted a *Supplemental Memorandum* (Dkt. 18). Page 1 of that filing listed opposing counsel's full contact information, as required by L.R. 7-19, and the Declaration (¶2) set forth the substance of Plaintiff's communication with counsel, including his statement of opposition. That filing was docketed and stamped by the Clerk without any accompanying Notice of Deficiency or order striking it, confirming it was properly part of the record before the Court.

And on August 18, 2025 at 3:02AM, Plaintiff filed *the Reply Memorandum* that outlined the reason oral service constituted a barrier to access under the ADA. Due to the Court's docketing delay, *the Reply Memorandum* (Dkt. 18) did not appear until August 19, the same day the Court issued its denial. And Plaintiff's *Reply Memorandum* has still

not been docketed at the time of this filing. As that filing explained, *"Plaintiff is autistic, and an insistence on oral-only notice operates as a barrier to participation."*[1]

Additionally, Defendant asserted that Plaintiff "did not include the telephone number and e-mail address of counsel … in any of the documents filed." This was incorrect. Plaintiff's *Supplemental Memorandum* (Dkt. 18) included that information in full and Plaintiff submitted a *Motion for Clarification* 1 hour and 21 minutes prior to this Court's order. The Court's reliance on Defendant's misstatement further underscores the need for reconsideration.

## C. The Court's Merits Analysis Was Based on an Incomplete Record

The Court found Plaintiff "provided no support" for the Winter factors. But Plaintiff's *Reply Memorandum* (filed August 18, 2025) addressed each: ADA violation showing likelihood of success; identity and electoral harms showing irreparable injury; minimal burden on Defendant against substantial harm to Plaintiff showing equities favor Plaintiff; and the public interest in accessible union elections. Because the Order did not reference or consider these points, its merits analysis rested on an incomplete record (Plaintiff's *Reply Memorandum* remains absent from the docket entirely). Reconsideration is warranted under L.R. 7-18(c).

---

[1] Plaintiff believed additional explanation was unnecessary as autism is widely recognized as a pervasive developmental disorder — as well as a communication disorder — that limits oral modes of communication, rendering oral notice effectively inaccessible (particularly in a high-stakes adversarial setting where a confrontational exchange is anticipated). Nonetheless, Plaintiff is prepared to provide further explanation if the Court requires, including expert declarations made under penalty of perjury confirming that oral-only requirements in such contexts disproportionately burden individuals with communication disorders, especially neurodevelopmental disorders such as autism.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court reconsider its August 19, 2025 Order denying Plaintiff's Ex Parte Application for a Temporary Restraining Order, in light of the *Supplemental Memorandum* (Dkt. 18), as well as the two documents yet to be entered: the *Reply Memorandum* and the *Motion for Clarification*.

Dated: August 19, 2025
Los Angeles, CA


Respectfully submitted,

/s/Alexander Douglas Plank


Alexander Douglas Plank
c/o Arise Artists Agency
PO Box 930
Manhattan Beach, CA 90267
Phone: (703) 966-8504
Email: alex@alexplank.com