Susan Davis (*pro hac vice* admitted)
Olivia R. Singer (Calif. Bar No. 312770)
Kayla Morin (*pro hac vice* admitted)
COHEN, WEISS and SIMON LLP
909 Third Avenue, 12th Floor
New York, New York 10022-4869
Tel: (212) 563-4100
sdavis@cwsny.com
*Attorneys for Defendant SAG-AFTRA*

UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

------------------------------------------------------x
ALEXANDER DOUGLAS PLANK,

                *Plaintiff*,

    - v. -

SAG-AFTRA,

                *Defendant.*
------------------------------------------------------x

Case No.
25-cv-07523 (AB) (SSC)

**DEFENDANT SAG-AFTRA'S MEMORANDUM OF POINTS
AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR
RECONSIDERATION OF ORDER DENYING EX PARTE TRO AND IN
OPPOSITION TO PLAINTIFF'S REQUEST FOR LEAVE NUNC PRO
TUNC TO FILE REPLY TO DEFENDANT'S OPPOSITION TO
APPLICATION FOR TEMPORARY RESTRAINING ORDER**

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT .............................................................................1

PROCEDURAL HISTORY .....................................................................................1

ARGUMENT ............................................................................................................2

I.   THIS COURT CORRECTLY HELD THAT PLAINTIFF FAILED TO ESTABLISH THE REQUIRED ELEMENTS FOR A TRO. ..................3

II.  THE COURT CORRECTLY HELD THAT THE TRO WAS MOOT AND PROCEDURALLY DEFECTIVE. ......................................................6

CONCLUSION .........................................................................................................7

CERTIFICATE OF COMPLIANCE .......................................................................9

i

Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Reconsideration of Order Denying Ex Parte TRO and in Opposition to Plaintiff's Request for Leave Nunc Pro Tunc to File Reply to Defendant's Opposition to Application for Temporary Restraining Order
10219156.3

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Baker v. Firstcom Music*,
   No. 16CV08931VAPJPRX, 2018 WL 5801578 (C.D. Cal. May 18, 2018)........ 2

*Birch Strategic Cap., LLC v. Tumarin*,
   No. 8:25-CV-01059-FWS-DFM, 2025 WL 2014213 (C.D. Cal. June 2, 2025) ................................................................................................................. 5

*Hernandez v. Walmart Assocs., Inc.*,
   No. 5:21-CV-00166-FLA-SHK, 2024 WL 5422702 (C.D. Cal. Nov. 13, 2024) ................................................................................................................. 3

*Kona Enters., Inc. v. Est. of Bishop*,
   229 F.3d 877 (9th Cir. 2000) ................................................................................ 2

*Sequeira v. United States Dep't of Homeland Sec.*,
   No. 22-CV-07996-HSG, 2024 WL 2261939 (N.D. Cal. May 16, 2024) ............. 4

*Sewchez Int'l Ltd. v. CIT Grp./Com. Servs., Inc.*,
   No. CV071211SVWJWJX, 2008 WL 11337382 (C.D. Cal. June 3, 2008) ........ 5

*Taiebat v. Scialabba*,
   No. 17-CV-0805-PJH, 2017 WL 839807 (N.D. Cal. Mar. 2, 2017) .................... 4

*Turtle Island Restoration Network v. U.S. Dep't of Com.*,
   672 F.3d 1160 (9th Cir. 2012) ............................................................................. 4

*Williams-Carter v. Comm'r of Soc. Sec.*,
   No. 2:13-CV-1744-KJN PS, 2015 WL 367494 (E.D. Cal. Jan. 27, 2015) .......... 4

**Rules**

Local Rule 7-10 .......................................................................................................... 1

Local Rule 7-18 ................................................................................................. 2, 3, 6

Local Rule 7-19 .......................................................................................................... 2

ii

Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Reconsideration of Order Denying Ex Parte TRO and in Opposition to Plaintiff's Request for Leave Nunc Pro Tunc to File Reply to Defendant's Opposition to Application for Temporary Restraining Order
10219156.3

**PRELIMINARY STATEMENT**

This case concerns the fundamental principle that a union, when paying for the distribution of campaign-related materials for election candidates, must treat all candidates equally. As this Court determined in its August 19, 2025 Order denying Plaintiff's application for a temporary restraining order ("TRO"), SAG-AFTRA fully complied with this obligation through its uniform policy of cropping candidate photos to consist only of a "headshot" for inclusion in its Voter Information Guide ("Voter's Guide").

After this Court issued its Order denying the TRO, Plaintiff filed a Motion for Reconsideration, arguing that this Court relied on an incomplete record when issuing its Order, and a Request for Leave Nunc Pro Tunc to File Reply to Defendant's Opposition to Application for Temporary Restraining Order, arguing that he should be relieved from Local Rule 7-10's prohibition on filing reply briefs in connection with TRO applications. Plaintiff, however, has presented no evidence or argument that salvages his unmeritorious claims or justifies the filing of yet another brief on the same issues this Court previously rejected. Accordingly, Plaintiff's applications should be denied.

**PROCEDURAL HISTORY**

On August 13, 2025, Plaintiff filed a Complaint ("Compl.") (Dkt. No. 1), Summons Request (Dkt. No. 2), Ex Parte Motion for Temporary Restraining Order, and for Expedited Hearing on Preliminary Injunction (the "TRO Motion") (Dkt. No. 4), and a Notice of Interested Parties (Dkt. No. 5). On August 14, 2025, Plaintiff filed what Plaintiff styles as a "Supplemental Declaration" ("Plaintiff's Supplemental Declaration") (Dkt. No. 18), which was not docketed until August 19, 2025. The first time that SAG-AFTRA received a copy of Plaintiff's Supplemental Declaration was through the Notice of Electronic Filing generated when it was docketed on August 19, 2025.

1

Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Reconsideration of Order Denying Ex Parte TRO and in Opposition to Plaintiff's Request for Leave Nunc Pro Tunc to File Reply to Defendant's Opposition to Application for Temporary Restraining Order

1         On August 15, 2025, Defendant SAG-AFTRA filed its Memorandum of Points and Authorities in Opposition to Plaintiff's TRO Motion ("Opposition Brief") (Dkt. No. 13), and the accompanying Declaration of Michelle Bennett, with annexed exhibits ("Bennett Decl.") (Dkt. No. 13-1).  On August 16, 2025, SAG-AFTRA filed the Declaration of Olivia R. Singer re Proof of Service (Dkt. No. 14).  On August 18, 2025, SAG-AFTRA filed a Notice of Interested Parties (Dkt. No. 17).

        On August 18, 2025, Plaintiff filed a Memorandum in Reply to SAG-AFTRA's Opposition Brief ("Reply") (Dkt. No. 21), which was docketed on August 20, 2025.  On August 19, 2025, the Court issued its Order Denying Plaintiff's TRO Motion ("Order") (Dkt. No. 20).  On August 19, 2025, Plaintiff filed a Motion to Clarify the Record on L.R. 7-19 Compliance ("Motion to Clarify") (Dkt. No. 22), and a Motion for Reconsideration of Order Denying Ex Parte TRO ("Motion for Reconsideration") (Dkt. No. 23), both of which were docketed on August 21, 2025.  On August 20, 2025, Plaintiff filed a Request for Leave Nunc Pro Tunc to File Reply to SAG-AFTRA's Opposition Brief ("Request for Leave to File Reply") (Dkt. No. 24), which was docketed on August 22, 2025.  On August 21, 2025, Plaintiff filed a Summons Request (Dkt. No. 25).

## ARGUMENT

        Plaintiff has not shown that he is entitled to reconsideration of this Court's Order.  Like a TRO, reconsideration is an "extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  As such, motions for reconsideration are "disfavored and rarely granted." *Baker v. Firstcom Music*, No. 16CV08931VAPJPRX, 2018 WL 5801578, at *1 (C.D. Cal. May 18, 2018).  Local Rule 7-18 governs motions for reconsideration in the Central District of California.  It provides:

2

> A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion.

L.R. 7-18.

As set forth below, Plaintiff has failed to meet this Court's requirements for reconsideration in this case.

## I. THIS COURT CORRECTLY HELD THAT PLAINTIFF FAILED TO ESTABLISH THE REQUIRED ELEMENTS FOR A TRO.

Plaintiff claims that the August 19th Order was based on an incomplete record because this Court did not consider his Reply in its decision. The basis for this argument is Local Rule 7-18(c), which allows for reconsideration if there is a "manifest showing of a failure to consider material facts *presented to the Court before the Order was entered*." L.R. 7-18(c) (emphasis added). On the afternoon of August 19, 2025, however, when this Court denied Plaintiff's TRO Motion, Plaintiff's Reply had not been docketed. This fact, standing alone, is fatal to his claim. *Cf. Hernandez v. Walmart Assocs., Inc.*, No. 5:21-CV-00166-FLA-SHK, 2024 WL 5422702, at *5–6 (C.D. Cal. Nov. 13, 2024) (denying motion for reconsideration under Local Rule 7-18(c) where plaintiff relied on documents not presented to the court before order was entered).

More importantly, even if Plaintiff's Reply had been docketed before the Court issued its Order, this Court's Standing Order for Civil Cases bars replies for ex parte applications, including TROs, absent leave of Court. *See* Standing Order, Dkt. No. 9, ¶ 18. The Court's website prominently states this prohibition

3

under its section on "Ex Parte and TRO Applications."  *See Honorable André Birotte Jr.*, https://www.cacd.uscourts.gov/honorable-andr%C3%A9-birotte-jr (last accessed Aug. 25, 2025) ("Replies are not permitted for ex parte or TRO applications, unless the Court orders one.").

   Although Plaintiff now asks this Court for leave nunc pro tunc to file a reply, the fact remains that he never obtained leave from this Court to file the Reply.  Thus, because the Reply was not properly before the Court, there is no basis for claiming that the Court failed to consider material facts in denying the TRO Motion.  *Cf. Taiebat v. Scialabba*, No. 17-CV-0805-PJH, 2017 WL 839807, at *1 (N.D. Cal. Mar. 2, 2017) (petitioner's argument that he should be permitted to file a motion for reconsideration "because the court did not have the benefit of the reply brief that he would have filed," was "not a basis for reconsideration").

   Even if this Court had granted Plaintiff leave to file a Reply, its consideration would have been precluded because it contains a host of arguments that were not raised in the TRO Motion.[1]  *See, e.g.*, *Turtle Island Restoration Network v. U.S. Dep't of Com.*, 672 F.3d 1160, 1166 n.8 (9th Cir. 2012) ("arguments raised for the first time in a reply brief are waived"); *see also Williams-Carter v. Comm'r of Soc. Sec.*, No. 2:13-CV-1744-KJN PS, 2015 WL 367494, at *4 (E.D. Cal. Jan. 27, 2015) (holding that *pro se* plaintiff had waived new arguments presented in her reply brief, and noting "[a]lthough the court liberally construes the pleadings and filings of a *pro se* litigant, it cannot address

---

[1] SAG-AFTRA opposes Plaintiff's Request for Leave to File Reply because the Reply raises arguments that Plaintiff could have raised in his original TRO Motion. *See Sequeira v. United States Dep't of Homeland Sec.*, No. 22-CV-07996-HSG, 2024 WL 2261939, at *3 (N.D. Cal. May 16, 2024) (denying motion for leave to file a reply brief where the brief "raises no arguments that . . . could not have [been] raised in [the] original motion").  Furthermore, the arguments in Plaintiff's Reply fail to resuscitate Plaintiff's claims.  *Id.* (noting that "to the extent the Court did consider" arguments in reply brief, "they would not change the outcome here").

1  issues improperly raised in a reply brief, and to which the [defendant] has not had a
2  meaningful opportunity to respond"); *cf. Sewchez Int'l Ltd. v. CIT Grp./Com.*
3  *Servs., Inc.*, No. CV071211SVWJWJX, 2008 WL 11337382, at *2 (C.D. Cal. June
4  3, 2008) ("In asking for a motion for reconsideration, a party may not . . . present
5  new arguments it failed to make prior to the issue of an order.").

6        Further, even if this Court were to consider the substance of Plaintiff's
7  Reply in ruling on the instant Motion for Reconsideration, there is still no basis for
8  granting the TRO, as the Reply fails to establish irreparable harm, the "single most
9  important prerequisite" to a TRO. *Birch Strategic Cap., LLC v. Tumarin*, No.
10 8:25-CV-01059-FWS-DFM, 2025 WL 2014213, at *2 (C.D. Cal. June 2, 2025).
11 As with Plaintiff's initial pleadings, the Reply includes only unsupported,
12 conclusory statements that the photo in the Voter's Guide caused him "dignitary,
13 reputational, and associational harms." Reply at 12. Absent evidence of
14 irreparable harm, the Motion for Reconsideration fails.

15       As discussed at length in SAG-AFTRA's brief, Plaintiff's claims are
16 likely to fail on the merits as well, *see* Opposition Brief at 10–15, and the legal
17 theories raised in the Reply do not salvage his claims. Specifically, although
18 Plaintiff frames the disability claims as related to public accommodations and
19 programs, the claims fail because Plaintiff cannot show that he was denied equal
20 treatment or access *because of* a disability.

21       To reiterate, Plaintiff has been able to participate fully and fairly in
22 the Los Angeles Local Election, including having his headshot and a 100-word
23 statement discussing his work as a disability rights activist featured in the Voter's
24 Guide. Bennett Decl. ¶ 14. As with every other candidate who submitted a non-
25 conforming photograph, SAG-AFTRA cropped Plaintiff's photograph to include
26 only a headshot, which has been SAG-AFTRA's unbroken practice for the past six

27
28

5

election cycles.² *Id*. ¶ 13. As previously discussed, SAG-AFTRA's practice of cropping out both a "pet" and a service dog from candidate photographs *supports* a finding that SAG-AFTRA's policy is non-discriminatory. In short, SAG-AFTRA did not single Plaintiff out *because* he is disabled. Rather, no candidate, whether disabled or not, is entitled to have a photograph in the Voter's Guide that includes an animal, whether a service animal or a pet.³

## II. THE COURT CORRECTLY HELD THAT THE TRO WAS MOOT AND PROCEDURALLY DEFECTIVE.

Plaintiff argues that a Motion for Reconsideration is warranted because the Voter's Guide is still available on SAG-AFTRA's website and therefore his application is not moot. *See* Motion for Reconsideration at 2. Plaintiff's Complaint, however, does not mention a website, Compl. ¶¶ 1–21, and Plaintiff's TRO Motion focused on the *mailing* of the Voter's Guide. *See* Bennett Decl., Ex. L-1 (e-mail from Plaintiff to Jeffrey Bennett stating, "I filed an emergency TRO seeking to prevent a union mailing that may go out today"); Compl. ¶¶ 9–10. Again, Local Rule 7-18(c) requires a "manifest showing of a failure to consider material facts *presented to the Court* before the Order was entered." L.R. 7-18(c) (emphasis added). Here, Plaintiff could have made an argument about the website in his Complaint and moving papers, but he chose to

---

² Exhibit A to Plaintiff's Reply contains an excerpt from the 2025 *Philadelphia* Local Voter's Guide, which is irrelevant to a consideration of the Voter's Guide for the Los Angeles Local, which is a separate labor organization.

³ Plaintiff's constitutional and intentional infliction of emotional distress claims also fail for the reasons discussed in SAG-AFTRA's Opposition Brief. *See* Opposition Brief at 13–15.

6

focus on the mailing of the Voter's Guide.  As such, the Court properly held that the TRO Motion was moot.  *See* Order at 3–4.[4]

Finally, Plaintiff's argument that this Court must reconsider its ruling that his TRO Motion was procedurally deficient also fails.  Although Plaintiff's later filing of the Supplemental Declaration cured his initial failure to provide the telephone number and e-mail address for opposing counsel, at the time SAG-AFTRA filed its Opposition Brief, that Supplemental Declaration had not yet been docketed, and SAG-AFTRA had not been served with a copy of it. Thus, based on the information available to it at the time, SAG-AFTRA accurately stated in its brief that Plaintiff had failed to include the telephone number and e-mail address for opposing counsel in his filings.[5]  *See* Opposition Brief at 17.  And, as discussed in SAG-AFTRA's Opposition Brief, this initial omission was not the only procedural defect in Plaintiff's moving papers.  *See id.* at 17–18.

## CONCLUSION

For all the foregoing reasons, this Court should deny Plaintiff's Motion for Reconsideration of Order Denying Ex Parte TRO and his Request for Leave Nunc Pro Tunc to File Reply to Defendant's Opposition to Application for Temporary Restraining Order.

---

[4] Even if the Court finds that the relief Plaintiff seeks is not entirely moot, it should deny Plaintiff's Motion for Reconsideration because Plaintiff cannot satisfy the high threshold for a Motion for Reconsideration or a TRO, as discussed *supra*.

[5] As such, Plaintiff's assertion that SAG-AFTRA's Opposition Brief misrepresented his filings, *see* Motion to Clarify at 1, is incorrect.

7

Dated: August 25, 2025
New York, New York

Respectfully submitted,

/s/ Olivia R. Singer
Susan Davis (*pro hac vice* admitted)
Olivia R. Singer (Calif. Bar No. 312770)
Kayla Morin (*pro hac vice* admitted)
COHEN, WEISS and SIMON LLP
909 Third Avenue, 12th Floor
New York, New York 10022-4869
Tel: (212) 563-4100
sdavis@cwsny.com
*Attorneys for Defendant SAG-AFTRA*

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 11-6.2 of the United States District Court for the Central District of California, the undersigned, counsel of record for Defendant SAG-AFTRA, certifies that this brief contains 2,145 words, which complies with the word limit of L.R. 11-6.1.

Dated:   August 25, 2025
         New York, New York

                                        /s/ Olivia R. Singer

9

Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Reconsideration of Order Denying Ex Parte TRO and in Opposition to Plaintiff's Request for Leave Nunc Pro Tunc to File Reply to Defendant's Opposition to Application for Temporary Restraining Order