UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:25-cv-07523-AB-SSC | Date: | August 27, 2025 |
|---|---|---|---|

| Title: | *Alexander Douglas Plank v. SAG-AFTRA* |
|---|---|

| Present: The Honorable | ANDRÉ BIROTTE JR., United States District Judge |
|---|---|

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER <u>DENYING</u> PLAINTIFF's MOTION FOR RECONSIDERATION OF ORDER DENYING EX PARTE TRO, REQUEST FOR LEAVE NUNC PRO TUNC TO FILE REPLY TO DEFENDANT'S OPPOSITION TO APPLICATION FOR TEMPORARY RESTRAINING ORDER, AND MOTION TO CLARIFY THE RECORD. [22, 23, and 24]**

Before the Court is Plaintiff Alexander Douglas Plank's ("Plaintiff") August 20, 2025 Motion for Reconsideration of Order Denying Ex Parte TRO ("Motion for Reconsideration," Dkt. No. 23), August 20, 2025 Request for Leave Nunc Pro Tunc to File Reply to Defendant's Opposition to Application for Temporary Restraining Order ("Request for Leave Nunc Pro Tunc," Dkt. No. 24), and August 19, 2025 Motion to Clarify the Record on L.R. 7-19 ("Motion to Clarify," Dkt. No. 22). The Court had previously addressed the Plaintiff's Ex Parte Applications ("Ex Parte Applications," Dkt. No. 4) in the Court's Order Denying Plaintiff's Ex Parte Motion for Temporary Restraining Order And For Expedited Hearing on Preliminary Injunction ("Denial Order," Dkt. No. 20).

Plaintiff's subsequent motions are **<u>DENIED</u>** for the reasons articulated below.

I.    DISCUSSION

A. Motion to Clarify

In Plaintiff's Motion to Clarify, Plaintiff requested the Court strike a portion of the Defendant SAG-AFTRA's ("Defendant") Memorandum in Opposition to his Ex Parte Applications ("Opposition," Dkt. No. 13). The Opposition noted that the Plaintiff's Ex Parte Applications were defective as he failed to include the name, address, telephone number and e-mail address of counsel for the opposing party in his application, as required under Local Rule 7-19. Opp'n at 17. In Plaintiff's Motion to Clarify, he notes that the information required by Local Rule 7-19 was included in his subsequent Memorandum in Support of Ex Parte Application for a Temporary Restraining Order ("Memorandum in Support," Dkt. No. 18), though it was not in the Ex Parte Applications themselves. Plaintiff, in his Motion to Clarify, has asked the Court to strike this portion of the Opposition as per Federal Rule of Civil Procedure 12(f).

As this allegation of a procedural defect by the Defendant did not bear on the Court's reasoning in the Denial Order, the Court declines to use its discretion to strike portions of the Defendant's Opposition, as requested by the Plaintiff. Failing to strike this portion of the Opposition does not and will not prejudice the Plaintiff. The Court **DENIES** the Plaintiff's Motion to Clarify.

B. Request for Leave Nunc Pro Tunc

The Plaintiff requests this Court grant leave and accept his Memorandum in Reply to Defendant's Opposition to Plaintiff's Application for Temporary Restraining Order ("Reply," Dkt. No. 21). As per this Court's Standing Orders, "[r]eplies are not permitted for ex parte or TRO applications, unless the Court orders one." The Plaintiff has not provided sufficient justification as to why he should be permitted to file a Reply in the present case. As such, the Plaintiff's Request is **DENIED**.

C. Motion for Reconsideration

Plaintiff has requested this Court reconsider the Denial in light of the Plaintiff's Reply. As noted above in I.B, per this Court's published Standing Orders, replies are not permitted for ex parte applications. As such, the Court made no error in by issuing the Denial Order without consideration of the Plaintiff's

Reply.

      The Plaintiff additionally argues that the Court incorrectly judged his claim to be moot. This allegation is insufficient grounds for reconsideration, as the court identified several procedural and substantive defects in the TRO. The Court, therefore, **DENIES** Plaintiff's Motion for Reconsideration.

      **IT IS SO ORDERED**.