ALEXANDER DOUGLAS PLANK

c/o Arise Artists Agency

PO Box 930

Manhattan Beach, CA 90267

Phone: (703) 966-8504

Email: alex@alexplank.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ALEXANDER DOUGLAS PLANK, | Case No. 2:25-cv-07523-AB-SSCx |
|---|---|
| Plaintiffs, | **NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11** |
| v. | |
| SAG-AFTRA, | **Hearing Date**: October 24, 2025 |
| Defendant. | **Time:** 10:00 a.m.<br>**Judge:** Hon. André Birotte Jr.<br>**Courtroom:** 7B |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 24, 2025, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable André Birotte Jr., in Courtroom 7B of the above-entitled Court, Plaintiff Alexander Douglas Plank will and hereby does move the Court for sanctions against Defendant SAG-AFTRA pursuant to Rule 11 of the Federal Rules of Civil Procedure.

This motion was served on Defendant's counsel on August 26, 2025, pursuant to Rule 11(c)(2). The 21-day safe-harbor period, plus three days for service by mail (see Fed. R. Civ. P. 6(d)), expired on September 19, 2025. Defendant has not withdrawn or corrected the challenged misstatements and Defendant has already generated unnecessary proceedings and associated legal expense, and absent correction, further avoidable costs will accrue for Defendant and Plaintiff

1

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, supporting declarations and exhibits, and all pleadings and papers on file in this action.

## MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11

The Federal Rules impose a duty of candor. Rule 11(b) embodies that duty by requiring factual contentions presented to the Court to rest on reasonable inquiry and support in the underlying record. The Court relies on counsel's representations in deciding urgent applications; it is entitled to assume, when counsel speaks categorically, that their statements are supported by fact.

That did not occur here. Defendant's "Opposition to Plaintiff's Application for Temporary Restraining Order" (Dkt. 13 at 17) stated, without qualification, that "Plaintiff did not include the telephone number and e-mail address of counsel for the opposing party in any of the documents filed." The statement was inaccurate when made. The initiating papers — on the docket two days earlier — contained the very information counsel said was absent. (Ex. A)

## I. LEGAL STANDARD

Rule 11(b) requires that by presenting a pleading or motion to the Court, an attorney certifies that, after an inquiry reasonable under the circumstances, the paper (1) is not being presented for an improper purpose; (2) rests on legal contentions warranted by law; and (3) contains factual contentions with evidentiary support, or that will likely have such support after reasonable investigation.

The Supreme Court has explained that Rule 11 "imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and not interposed for any improper purpose." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Its "central purpose is to deter baseless filings in district court and thus, consistent with the Rule Enabling Act's grant of authority, streamline the administration and procedure of the federal courts." *Id*.

1    The Supreme Court has emphasized that Rule 11's "central purpose is to deter
2    baseless filings in District Court and thus, consistent with the Rule Enabling Act's
3    grant of authority, streamline the administration and procedure of the federal courts."
4    *Cooter & Gell*, 496 U.S. 384, 393 (quoting Advisory Committee Note on Rule 11, 28
5    U.S.C. App. at 576).
6    Rule 11 requires a reasonable inquiry into the factual basis for representations
7    to the Court. In *Christian v. Mattel, Inc.*, the Ninth Circuit upheld sanctions where
8    counsel "needed to do little more than examine the back of the heads of the Barbie
9    dolls he claimed were infringing," because such a perfunctory inquiry would have
10   revealed his claim was baseless.
11   The 1993 Advisory Committee Notes emphasize that Rule 11's duty continues
12   after filing: once it is clear a contention lacks evidentiary support, counsel must "not
13   thereafter … advocate" it. Fed. R. Civ. P. 11(b)(3), Advisory Comm. Notes, 1993
14   Amend.
15   That standard applies here. The categorical misstatement appears in
16   Defendant's Opposition (Dkt. 13 at 17). The initiating papers contradict it: the
17   Complaint (Dkt. 1 at 11) lists opposing counsel's email, and the Civil Cover Sheet
18   (Dkt. 1-1 at 1) lists both email and telephone number (Ex. C). After Plaintiff gave
19   notice on August 21, 2025 (Ex. D), counsel had a duty to correct. By repeating the
20   assertion, counsel violated Rule 11's continuing obligation.
21   **II. THE ASSERTION**
22   The categorical assertion in Dkt. 13 was that "*Plaintiff did not include the*
23   *telephone number and e-mail address of counsel for the opposing party in any of the*
24   *documents filed.*" The record contradicted that assertion.
25      1. The Complaint (Dkt. 1 at 11) listed defense counsel's email address.
26      2. The Civil Cover Sheet (Dkt. 1-1 at 1) listed both email and telephone
27         number.
28   These are foundational documents in any federal action, filed at the outset and

1   available on the docket when Defendant submitted its Opposition.

2   Courts in this Circuit have made clear that Rule 11 sanctions are warranted
3   when an attorney advances or persists in a contention that no competent attorney
4   could believe to be well-grounded after reasonable inquiry. *Holgate v. Baldwin*, 425
5   F.3d 671; *Lake v. Gates*, No. 23-16023, slip op. at 12–13 (9th Cir. Mar. 14, 2025).
6   The Ninth Circuit has long recognized that sanctions are appropriate when filings are
7   factually frivolous, *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990) —
8   a principle reaffirmed under the amended Rule in *Holgate*.

9   Counsel here did not need discovery or extensive investigation; the information
10  was evident on the face of the first two documents. To assert categorically that "no
11  document" contained certain contact information was not an innocent oversight. It was
12  a representation contradicted by the docket itself.

13  **III. PERSISTENCE AFTER NOTICE**

14  Rule 11 imposes a continuing duty. Counsel may not advocate a contention
15  contradicted by the record. Fed. R. Civ. P. 11(b)(3), Advisory Comm. Notes, 1993
16  Amend.; Lake v. Gates, No. 23-16023, slip op. at 12–13 (9th Cir. Mar. 14, 2025).

17  On August 21, 2025, Plaintiff notified defense counsel of the error, and counsel
18  replied the same day without correcting it (Ex. D). Rather than correct the record,
19  counsel stood by the categorical assertion. In their "Opposition to Reconsideration"
20  (Dkt. 27), they invoked Plaintiff's later filing as though it excused the prior statement.
21  But the assertion in the TRO Opposition (Dkt. 13) was false when made: the
22  Complaint (Dkt. 1) listed defense counsel's email, and the Civil Cover Sheet (Dkt. 1-
23  1) listed both email and telephone number.

24  This was not a matter of oversight. Rule 11 requires that factual contentions be
25  supported by reasonable inquiry. See *Holgate v. Baldwin*, 425 F.3d 671. As in
26  *Christian v. Mattel, Inc.*, where a cursory inspection of the back of the head of a
27  Barbie doll would have disproved the claim, a cursory review of the docket here
28  would have done the same. Counsel had notice and persisted in a contention the

record refuted. That conduct falls within Rule 11.

On August 25, 2025, in Dkt. 27 — filed four days after Plaintiff's August 21 notice — defense counsel stated:

*"Although Plaintiff's later filing of the Supplemental Declaration cured his initial failure to provide the telephone number and e-mail address for opposing counsel, at the time SAG-AFTRA filed its Opposition Brief, that Supplemental Declaration had not yet been docketed, and SAG-AFTRA had not been served with a copy of it. Thus, based on the information available to it at the time, SAG-AFTRA accurately stated in its brief that Plaintiff had failed to include the telephone number and e-mail address for opposing counsel in his filings"* (Dkt. 27 at 7).

This did not obviate the incorrect categorical assertion. The Complaint (Dkt. 1) and Civil Cover Sheet (Dkt. 1-1) had been filed before Defendant's Opposition and contained the very information counsel denied was present. Any delay in docketing Plaintiff's Supplemental Declaration (Dkt. 18) is immaterial to those initiating filings. Having been notified of the error, counsel nevertheless repeated the contention. Rule 11(b)(3) forbids advocacy of a contention once its lack of support is apparent.

## IV. PREJUDICE AND IMPROPER PURPOSE

The prejudice was not theoretical. Counsel's misstatement cast Plaintiff as careless with even the most basic rules, and the Court relied on that portrayal in denying emergency relief on procedural grounds. The denial was not on the merits, but on a procedural premise that the record did not support.

Rule 11 serves to deter filings presented for harassment or delay, but equally to safeguard the integrity of the judicial process. That integrity is compromised when counsel tells the Court, categorically, that the record lacks information it plainly contains. The Advisory Committee's 1993 Notes underscore that the Rule subjects counsel to sanction "for insisting upon a position after it is no longer tenable." That description fits here: notice was given, yet counsel persisted.

What began as a misstatement became, after notice, a deliberate choice to stand

by a position contradicted by the record. The result was to misdirect the Court and impose unnecessary cost on the parties.

## V. REQUESTED RELIEF

Plaintiff requests that the Court:

1. Strike the inaccurate categorical assertions in Dkt. 13 and Dkt. 27;
2. Direct defense counsel to file a corrective statement acknowledging the error;
3. Impose a monetary sanction on counsel and their firms sufficient to deter repetition, consistent with Rule 11(c)(4), which provides that "[t]he sanction imposed… must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated"; and
4. Grant such further relief as the Court deems just, including corrective relief to restore Plaintiff to the position he would have occupied but for the inaccurate assertions.

## VI. CONCLUSION

This motion does not rest on rhetoric; it rests on candor to the Court. Counsel advanced a categorical assertion that the docket itself disproved, was placed on notice of the error, and chose not to correct it. The Federal Rules provide both the framework to identify such a failure and the mechanism to remedy it.

Dated: September 20, 2025

Respectfully Submitted,

*/s/Alexander Douglas Plank*

Alexander Douglas Plank
c/o Arise Artists Agency
PO Box 930
Manhattan Beach, CA 90267
Phone: (703) 966-8504
Email: alex@alexplank.com

## DECLARATION OF ALEXANDER DOUGLAS PLANK

1. I am the Plaintiff in this action.

2. Attached as Exhibit A is the page containing the categorical statement. (Dkt. 13)

3. Attached as Exhibit B is the page of the Complaint showing defense counsel's email. of (Dkt. 1)

4. Attached as Exhibit C is the Civil Cover Sheet listing defense counsel's telephone number and email. (Dkt. 1-1 at 1)

5. Attached as Exhibit D is the August 21, 2025 email exchange between Plaintiff and defense counsel, consisting of Plaintiff's notice identifying the misrepresentation and defense counsel's reply.

6. Attached as Exhibit E is the relevant page of the Opposition to Reconsideration

7. Attached as Exhibit F is the set of documents verifying that Docket 1 and Docket 1-1 were in the initial filings and on the docket when defense counsel made the incorrect assertion.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 20, 2025                    Respectfully Submitted,

                                             /s/Alexander Douglas Plank
                                             Alexander Douglas Plank
                                             c/o Arise Artists Agency
                                             PO Box 930
                                             Manhattan Beach, CA 90267
                                             Phone: (703) 966-8504
                                             Email: alex@alexplank.com