# EXHIBIT A

15 for an ex parte order to include in its filings "the name, address, telephone number
16 and e-mail address of counsel for the opposing party." Plaintiff, however, did not
17 include the "telephone number and e-mail address of counsel for the opposing
18 party" in any of the documents filed. *See* Dkt. Nos. 1–2, 4–5. Moreover, Local
19 Rule 7-19.1 rule requires a party to "make reasonable, good faith efforts to orally

PLAINTIFF'S MOTION FOR SANCTIONS UNDER RULE 11 [Served Pursuant to Fed. R. Civ. P. 11(c)(2); Not Filed]

2

strongly in favor of protecting union democracy over the complaints of one member, particularly where that member has readily available internal union remedies that, if Plaintiff remains dissatisfied, are appealable to the Department of Labor. *See Cooley v. California Statewide L. Enf't Ass'n*, No. 2:18-CV-02961-JAM-AC, 2019 WL 331170, at *4 (E.D. Cal. Jan. 25, 2019) (denying individual's motion for a preliminary injunction where the balance of equities tipped in favor of the union and an injunction would "impair the administration of the union").

## II.  THE TRO IS PROCEDURALLY DEFECTIVE.

Beyond failing to satisfy the substantive requirements necessary for the issuance of a TRO, Plaintiff's Motion is procedurally defective and the Court should therefore not consider his application for extraordinary relief. This Court's Standing Order provides, in relevant part, that ex parte applications that do not comply with Local Rules 7-19 and 7-19.1 "will not be considered." *See* Standing Order, Dkt. No. 9 at 13. Local Rule 7-19, for example, requires a party applying for an ex parte order to include in its filings "the name, address, telephone number and e-mail address of counsel for the opposing party." Plaintiff, however, did not include the "telephone number and e-mail address of counsel for the opposing party" in any of the documents filed. *See* Dkt. Nos. 1–2, 4–5. Moreover, Local Rule 7-19.1 rule requires a party to "make reasonable, good faith efforts to orally advise counsel for all other parties" of the proposed ex parte application and to "advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application." Although, as discussed below, Plaintiff notified SAG-AFTRA of his application via email, he did not orally advise SAG-AFTRA of his application, and nothing on the docket reflects that he attempted to do so. These procedural flaws are fatal to his Motion. *See Rodney v. Toyota Motor Credit Corp.*, No. 5:24-CV-02202-AB, 2024 WL 5338656, at *2 (C.D. Cal. Nov. 20, 2024) (pro se plaintiff's application was procedurally improper where she failed to give notice to defendant); *Tecnogruas v.*

17