# EXHIBIT D

**From:** Olivia R. Singer Osinger@cwsny.com
**Subject:** RE: Notice of Material Misstatement in Opposition (Plank v. SAG-AFTRA, No. 2:25-cv-07523)
**Date:** August 21, 2025 at 3:06 PM
**To:** Alexander Plank alex@alexplank.com
**Cc:** Susan Davis sdavis@cwsny.com, Kayla Morin kmorin@cwsny.com, Jeffrey Bennett jpb@sagaftra.org, jlalas@altber.com, bchisholm@altshulerberzon.com

Good afternoon:

Thank you for your email. At the time SAG-AFTRA filed its opposition [Docket No. 13] on August 15, 2025, it had not received or been served with a copy of the Supplemental Declaration [Docket No. 18]. The Court did not docket the Supplemental Declaration until August 19, 2025, as reflected by the notation "Entered: 8/19/2025" at the end of the docket text. The first time SAG-AFTRA received a copy of this document was through the Notice of Electronic Filing generated when it was docketed on August 19, 2025—four days after SAG-AFTRA filed its opposition. SAG-AFTRA intends to address this timing issue in its response to your Motion for Reconsideration.

Sincerely,
Olivia Singer



**Olivia Singer**
909 Third Avenue, 12th Floor
New York, NY 10022-4731
o  212.356.0206
c  860.539.7282
f  646.473.8206
osinger@cwsny.com
www.cwsny.com
Biography
Pronouns: she, her, ella

---

**From:** Alexander Plank <alex@alexplank.com>
**Sent:** Thursday, August 21, 2025 5:45 PM
**To:** Olivia R. Singer <Osinger@cwsny.com>
**Cc:** Susan Davis <sdavis@cwsny.com>; Kayla Morin <kmorin@cwsny.com>; Jeffrey Bennett <jpb@sagaftra.org>; jlalas@altber.com; bchisholm@altshulerberzon.com
**Subject:** Re: Notice of Material Misstatement in Opposition (Plank v. SAG-AFTRA, No. 2:25-cv-07523)

Ms. Singer,

I am following up on the message I sent you and your colleagues earlier today regarding the material misrepresentation in Defendant's August 15, 2025 Opposition.

As noted, your Opposition asserted that Plaintiff "did not include the telephone number and e-mail address of counsel for the opposing party in any of the documents filed" (Opp. at p. 17 [PDF p. 25], Section II, "The TRO is Procedurally Defective"), which is false.

Given the time-sensitive nature of this issue and the possibility that Mr. Lalas may have been involved in drafting or reviewing the Opposition and its contained misrepresentations, I am copying both Mr. Lalas and Ms. Chisholm from Altshuler Berzon so that they are aware and can address the matter directly.

Please let me know whether you intend to take corrective action and whether you consent to email notice as our last UPS pickup today is at 5PM.

Respectfully,
Alexander Douglas Plank

On Thu, Aug 21, 2025 at 12:57 PM Alexander Plank <alex@alexplank.com> wrote:

> Ms Singer,
> I'm writing to you regarding a material misrepresentation in your August 15, 2025 opposition to my TRO. Specifically, you asserted that Plaintiff "did not include the 'telephone number and e-mail address of counsel for the opposing party' in any of the documents filed." (Opp. at 25 (citing L.R. 7-19).)
>
> As you know, that statement is false. Plaintiff's filed documents included this information.
>
> Because this was a main point in the ARGUMENT of Defendant's Opposition, specifically Section II, "The TRO is Procedurally Defective" (Opp. at 17), and because the Court relied on it in finding Plaintiff's TRO procedurally defective, the resulting prejudice is significant.
>
> The appropriate remedy would be for you to correct the record promptly and take all measures necessary to effectuate the Court's reconsideration of Plaintiff's TRO.
>
> As a professional courtesy, I am giving you the opportunity to address this misstatement voluntarily, but please let me know whether or not you intend to do so. If you do not, will you accept email as service of a formal Rule 11 notice or should I serve you via certified mail to your firm's address (909 3rd Ave 12th Floor, New York, NY 10022)?
>
> Please let me know. However, if you believe there is an explanation, I am willing to consider it if provided promptly.
>
> Best,
> Alexander Douglas Plank

Under applicable Treasury Regulations, we are required to inform you that no U.S. tax advice in this email or an attachment to this email is intended or written to be used, nor can it be used, to avoid a penalty under the Internal Revenue Code, or to promote, market or recommend to another party a transaction or matter addressed in this email or attachment.

This E-Mail and any attachments may contain material that is protected by an attorney-client privilege or that is otherwise confidential. Please do not permit anyone other than an addressee or an employee or other authorized agent of an addressee to read this e-mail or any of its attachments without the consent of Cohen, Weiss and Simon LLP. If you are not one of the people specified in the previous sentence, please delete this e-mail and its attachments and notify me.