Alexander Douglas Plank
c/o Arise Artists Agency
PO Box 930
Manhattan Beach, CA 90267
Phone: (703) 966-8504
Email: alex@alexplank.com

August 26, 2025

VIA Certified U.S. MAIL to the following:

Susan Davis
Cohen Weiss and Simon LLP
909 Third Avenue, 12th Floor
New York, NY 10022-4731
212-356-0207
646-473-8207 (fax)
sdavis@cwsny.com

Jonah Lalas
Altshuler Berzon LLP
350 West Colorado Blvd., Suite 420
Pasadena, CA 91105
323-963-8693
415-362-8064 (fax)
jlalas@altber.com

Kayla Morin
Cohen, Weiss and Simon LLP
909 Third Avenue, 12th Floor
New York, NY 10022-4731
212-356-0257
646-473-8257 (fax)
kmorin@cwsny.com

Olivia Singer
Cohen, Weiss and Simon LLP
Legal Department
909 Third Avenue, 12th Floor
New York, NY 10022
212-356-0206
646-473-8206 (fax)
osinger@cwsny.com

**<u>Re: Rule 11(c)(2) Safe Harbor Notice — Misrepresentation in Opposition to
Reconsideration and Prior Filings</u>**

Counsel:

This Notice is served pursuant to Rule 11(c)(2). The enclosed motion is served but not filed,
consistent with Rule 11's 21-day safe-harbor. It identifies categorical misrepresentations made
by defense counsel across multiple filings, explains why the record refutes them, and provides
counsel twenty-one (21) days to withdraw or correct.

Courts rely on counsel's representations; when those are inaccurate, the harm lies not only in the
words themselves but in the shadow cast on credibility. That dynamic is evident here. In
opposing Plaintiff's TRO, counsel asserted categorically that "Plaintiff did not include the
telephone number and e-mail address of counsel for the opposing party in any of the documents

filed." (Dkt. 13.) That was not correct. Two days before the Opposition was filed, Plaintiff had placed on the docket the initiating papers. Included in those were the Complaint (Dkt. 1), which included defense counsel's email, and the Civil Cover Sheet (Dkt. 1-1), which listed both his email and telephone number.

Against that backdrop, the categorical assertion in the TRO Opposition assumed greater significance. It framed Plaintiff's application as procedurally defective for supposed carelessness with the even the most basic rules. That impression was unfounded, yet it shaped the procedural lens through which the Court denied relief.

## I. The Misrepresentation
Defendant's TRO Opposition (Dkt. 13) stated, in categorical terms, that *"Plaintiff did not include the telephone number and e-mail address of counsel for the opposing party in any of the documents filed."* [EXHIBIT A]

That statement was not correct. Two days before the Opposition was filed, Plaintiff placed on the docket the initiating papers, including the Complaint (Dkt. 1), which contained defense counsel's email, and the Civil Cover Sheet (Dkt. 1-1), which contained both email and telephone number. [EXHIBIT B] [EXHIBIT C]

## II. Failure to Conduct Reasonable Inquiry
The categorical assertion was contradicted by the initiating papers themselves, a point that would have been apparent upon even a cursory review of the docket. Overlooking such readily verifiable filings falls short of the reasonable inquiry Rule 11 requires. See Maisonville v. F2 Am., Inc., 902 F.2d 746, 748 (9th Cir. 1990) (upholding sanctions where counsel advanced contention belied by the record); Cunningham v. Bathon, 719 A.2d 497, 500 (D.C. 1998) (sanctions where counsel failed to verify easily checked filings).

## III. Notice and Opportunity to Correct
On August 21, Plaintiff wrote to defense counsel, expressly identifying the categorical assertion as false and stating that Plaintiff's filed documents included the very information the Opposition claimed absent. Plaintiff invited correction. None was made. Instead, counsel previewed a separate "timing" point concerning a later filing. That did not address the original misstatement, which remained uncorrected. [EXHIBIT D]

## IV. Persistence After Notice
When Defendant later filed its Opposition to Reconsideration (Dkt. 27), the same premise was advanced again. Rule 11 does not permit counsel to persist once the absence of support has been made plain. That persistence may take the form of repeating the statement outright or reframing it without correction. Either way, the misrepresentation remains, and counsel chose to press it after notice. [EXHIBIT E]

## V. Prejudice and Improper Purpose
The prejudice here is not abstract. Counsel's assertion invited the Court to view Plaintiff as careless with even the most basic rules. The Court adopted that view and denied emergency relief on procedural grounds. The persistence after notice compounded the effect, diverting

further attention and resources. That pattern violates Rule 11(b)(3) and reflects improper purpose under Rule 11(b)(1).

***

As shown in Exhibits A–F to the enclosed Motion for Sanctions, Defendant's Opposition (Dkt. 13) contained a categorical misrepresentation (Ex. A), contradicted by the Complaint (Ex. B) and Civil Cover Sheet (Ex. C). Plaintiff's August 21, 2025 email (Ex. D) provided notice, defense counsel's reply (Ex. D) declined to correct, and Defendant persisted in the misrepresentation in its Opposition to Reconsideration (Ex. E). Verification materials confirming the filings of Dkt. 1 and Dkt. 1-1 are included as Ex. F.

Defendant's counsel advanced a categorical factual contention that was inaccurate when made in its TRO Opposition (Dkt. 13), was placed on notice of the misrepresentation by Plaintiff's August 21, 2025 correspondence, and then persisted in that misrepresentation in its Opposition to Reconsideration (Dkt. 27). This pattern violated Rule 11(b)(3) and reflects improper purpose under Rule 11(b)(1).

Unless corrected within twenty-one (21) days of service of this letter, Plaintiff will file the enclosed Motion for Sanctions seeking monetary sanctions against counsel and their firms, together with such other relief as the Court deems appropriate, such as:

1. Striking the false statements in Dkt. 13 and Dkt. 27;
2. Directing counsel to file a corrective statement acknowledging the misrepresentation;
3. Imposing a monetary sanction sufficient to deter repetition; and
4. Requiring counsel to stipulate to, or refrain from opposing, corrective relief necessary to restore Plaintiff to the position he would have occupied but for the misrepresentation.

Enclosure: Motion for Sanctions (unfiled, served pursuant to Rule 11(c)(2))

Dated: August 26, 2025
Los Angeles, CA

Respectfully,

Alexander Douglas Plank
c/o Arise Artists Agency
PO Box 930
Manhattan Beach, CA 90267
Phone: (703) 966-8504
Email: alex@alexplank.com

Alexander Douglas Plank

c/o Arise Artists Agency

PO Box 930

Manhattan Beach, CA 90267

Phone: (703) 966-8504

Email: alex@alexplank.com


UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


| ALEXANDER DOUGLAS PLANK, | ) | **Case No.: 2:25-cv-07523-AB-SSCx** |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | PLAINTIFF'S MOTION FOR |
| SAG-AFTRA | ) | SANCTIONS UNDER RULE 11 |
| Defendant | ) | [Served Pursuant to Fed. R. Civ. P. |
| | ) | 11(c)(2); Not Filed] |
| | ) | |
| | ) | |
| | ) | |

**PLAINTIFF'S MOTION FOR SANCTIONS UNDER RULE 11**

**[Served Pursuant to Fed. R. Civ. P. 11(c)(2); Not Filed]**

Plaintiff Alexander Douglas Plank respectfully submits this Motion for Sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. This motion is served (but not filed) on Defendant's counsel in accordance with Rule 11(c)(2)'s safe-harbor provision and will not be filed with the Court unless the challenged conduct is not withdrawn or corrected within twenty-one (21) days of service.

The Federal Rules impose a duty of candor. Rule 11(b) embodies that duty by requiring factual contentions presented to the Court to rest on reasonable inquiry and support in the underlying record. The Court relies on counsel's representations in deciding urgent applications; it is entitled to assume, when counsel speaks categorically, that their statements are supported by fact.

That did not occur here. Defendant's "Opposition to Plaintiff's Application for Temporary Restraining Order" (Dkt. 13 at 17) stated, without qualification, that "Plaintiff did not include the telephone number and e-mail address of counsel for the opposing party in any of the documents filed." (Ex. A) The statement was inaccurate when made. The initiating papers — on the docket two days earlier — contained the very information counsel said was absent.

## I. LEGAL STANDARD

The Supreme Court has explained that Rule 11 "imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and not interposed for any improper purpose." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

That duty includes a reasonable inquiry into the factual basis for representations to the Court.. In *Christian v. Mattel, Inc*., 286 F.3d 1118, 1127 (9th Cir. 2002), the Ninth Circuit upheld sanctions where counsel "needed to do little more than examine the back of the heads of the Barbie dolls he claimed were infringing," because such a perfunctory inquiry would have revealed his claim was baseless.

The obligation does not end once a paper is filed. As the Advisory Committee explained in 1993, Rule 11(b)(3) requires that once it becomes clear a contention lacks evidentiary support, counsel must "not thereafter … advocate" it. That standard applies here. The categorical misstatement appears in Defendant's Opposition (Dkt. 13 at 17). The initiating papers contradict it: the Complaint (Dkt. 1 at 11) lists opposing counsel's email (Ex. B), and the Civil Cover Sheet (Dkt. 1-1 at 1) lists both email and telephone number (Ex. C). After Plaintiff gave notice on August 21, 2025 (Ex. D), counsel had a

duty to correct. By repeating the assertion, counsel violated Rule 11's continuing obligation.

## II. THE ASSERTION

The categorical assertion in Dkt. 13 was that "*Plaintiff did not include the telephone number and e-mail address of counsel for the opposing party in any of the documents filed.*" The record contradicted that assertion.

1. The Complaint (Dkt. 1 at 11) listed defense counsel's email address.
2. The Civil Cover Sheet (Dkt. 1-1 at 1) listed both email and telephone number.

These are foundational documents in any civil federal action, filed at the outset and available on the docket when Defendant submitted its Opposition.

Courts in this Circuit have made clear that Rule 11 sanctions are warranted when an attorney advances or persists in a contention that no competent attorney could believe to be well-grounded after reasonable inquiry. *Holgate v. Baldwin*, 425 F.3d 671; *Lake v. Gates*, No. 23-16023, slip op. at 12–13 (9th Cir. Mar. 14, 2025). The Ninth Circuit has long recognized that sanctions are appropriate when filings are factually frivolous, *Maisonville v. F2 Am., Inc*., 902 F.2d 746, 748 (9th Cir. 1990) — a principle reaffirmed under the amended Rule in *Holgate*.

Counsel here did not need discovery or extensive investigation. To represent that "no document" contained opposing counsel's contact information was not a slip of phrasing, but a statement at odds with the face of the docket. Counsel may not advocate a contention contradicted by the record. Fed. R. Civ. P. 11(b)(3), Advisory Comm. Notes, 1993 Amend.; Lake v. Gates, No. 23-16023, slip op. at 12–13 (9th Cir. Mar. 14, 2025).

## III. PERSISTENCE AFTER NOTICE

On August 21, 2025, Plaintiff notified defense counsel of the error, and counsel replied the same day without correcting it. Rather than correct the record, counsel stood by the categorical assertion. Counsel did not withdraw or correct the statement. Instead, they previewed a separate argument about the timing of later filings. That response did

not address the categorical assertion already on file. The misstatement remained uncorrected, and the impression it created persisted.

This was not a matter of oversight. Rule 11 requires that factual contentions be supported by reasonable inquiry. See *Holgate v. Baldwin*, 425 F.3d 671. As in *Christian v. Mattel, Inc*., where a cursory inspection of the back of the head of a Barbie doll would have disproved the claim, a cursory review of the docket here would have done the same. Counsel had notice and persisted in a contention the record refuted. That conduct falls within Rule 11.

On August 25, 2025, in Dkt. 27 — filed four days after Plaintiff's August 21 notice — defense counsel stated:

> "*Although Plaintiff's later filing of the Supplemental Declaration cured his initial failure to provide the telephone number and e-mail address for opposing counsel, at the time SAG-AFTRA filed its Opposition Brief, that Supplemental Declaration had not yet been docketed, and SAG-AFTRA had not been served with a copy of it. Thus, based on the information available to it at the time, SAG-AFTRA accurately stated in its brief that Plaintiff had failed to include the telephone number and e-mail address for opposing counsel in his filings*" (Dkt. 27 at 7).

This did not justify the incorrect categorical assertion. The Complaint (Dkt. 1) and Civil Cover Sheet (Dkt. 1-1) had been filed before Defendant's Opposition and contained the very information counsel denied was present. Any delay in docketing Plaintiff's Supplemental Declaration (Dkt. 18) is immaterial to those initiating filings.

Defendant's counsel did not merely persist in the misrepresentation; they went further. In their Opposition to Reconsideration, counsel asserted in a footnote that Plaintiff's assertion of misrepresentation was itself '*incorrect*.' (Dkt. 27 at 7) That statement cannot be sustained. The initiating papers on the docket as of August 13 contained the information Defendant's TRO Opposition denied existed.

# V. PREJUDICE AND IMPROPER PURPOSE

The prejudice was not theoretical. Counsel's misstatement cast Plaintiff as careless. Plaintiff made every effort to comply with the rules by including the required information in the initiating filings. Defendant's counsel, however, told the Court the opposite, categorically. And the Court relied on that portrayal in denying emergency relief on procedural grounds.

Rule 11 serves to deter filings presented for harassment or delay, but equally to safeguard the integrity of the judicial process. That integrity is compromised when counsel tells the Court, categorically, that the record lacks information it plainly contains. The Advisory Committee's 1993 Notes underscore that the Rule subjects counsel to sanction "for insisting upon a position after it is no longer tenable." That description fits here: notice was given, yet counsel persisted.

What began as a misstatement became, after notice, a deliberate choice to stand by a position contradicted by the record. The result was to misdirect the Court and impose unnecessary cost on the parties.

# V. REQUESTED RELIEF

If the misstatement is not withdrawn or corrected within twenty-one (21) days of service, Plaintiff will file this motion and request that the Court:

1. Strike the inaccurate categorical assertions in Dkt. 13 and Dkt. 27;

2. Direct defense counsel to file a corrective statement acknowledging the error;

3. Impose a monetary sanction on counsel and their firms sufficient to deter repetition, consistent with Rule 11(c)(4), which provides that "[t]he sanction imposed… must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated"; and

4. Grant such further relief as the Court deems just, including corrective relief to restore Plaintiff to the position he would have occupied but for the inaccurate assertions.

5.

---

## VI. CONCLUSION

This motion does not rest on rhetoric; it rests on candor to the Court. Counsel advanced a categorical assertion that the docket itself disproved, was placed on notice of the error, and chose not to correct it. The Federal Rules provide both the framework to identify such a failure and the mechanism to remedy it.

Dated: August 26, 2025

Los Angeles, CA

Respectfully submitted,

Alexander Douglas Plank

c/o Arise Artists Agency

PO Box 930

Manhattan Beach, CA 90267

Phone: (703) 966-8504

Email: alex@alexplank.com

**Declaration of Alexander Douglas Plank**

1. I am the Plaintiff in this action.

2. Attached as Exhibit A is the page containing the categorical statement. (Dkt. 13)

3. Attached as Exhibit B is the page of the Complaint showing defense counsel's email. (Dkt. 1)

4. Attached as Exhibit C is the Civil Cover Sheet listing defense counsel's telephone number and email. (Dkt. 1-1 at 1)

5. Attached as Exhibit D is the August 21, 2025 email exchange between Plaintiff and defense counsel, consisting of Plaintiff's notice identifying the misrepresentation and defense counsel's reply.

6. Attached as Exhibit E is page 7 of Defendant's Opposition to Reconsideration (Dkt. 27)

7. Attached as Exhibit F is the set of documents verifying that Docket 1 and Docket 1-1 were in the initial filings and on the docket when defense counsel made the incorrect assertion.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 26, 2025

Los Angeles, CA

Alexander Douglas Plank

c/o Arise Artists Agency

PO Box 930

Manhattan Beach, CA 90267

Phone: (703) 966-8504

Email: alex@alexplank.com

---

PLAINTIFF'S MOTION FOR SANCTIONS UNDER RULE 11 [Served Pursuant to Fed. R. Civ. P. 11(c)(2); Not Filed]

# EXHIBIT A


15   for an ex parte order to include in its filings "the name, address, telephone number

16   and e-mail address of counsel for the opposing party." Plaintiff, however, did not

17   include the "telephone number and e-mail address of counsel for the opposing

18   party" in any of the documents filed. *See* Dkt. Nos. 1–2, 4–5. Moreover, Local

19   Rule 7-19.1 rule requires a party to "make reasonable, good faith efforts to orally

---

PLAINTIFF'S MOTION FOR SANCTIONS UNDER RULE 11 [Served Pursuant to Fed. R. Civ. P. 11(c)(2); Not Filed]

strongly in favor of protecting union democracy over the complaints of one member, particularly where that member has readily available internal union remedies that, if Plaintiff remains dissatisfied, are appealable to the Department of Labor. *See Cooley v. California Statewide L. Enf't Ass'n*, No. 2:18-CV-02961-JAM-AC, 2019 WL 331170, at *4 (E.D. Cal. Jan. 25, 2019) (denying individual's motion for a preliminary injunction where the balance of equities tipped in favor of the union and an injunction would "impair the administration of the union").

## II.    THE TRO IS PROCEDURALLY DEFECTIVE.

Beyond failing to satisfy the substantive requirements necessary for the issuance of a TRO, Plaintiff's Motion is procedurally defective and the Court should therefore not consider his application for extraordinary relief. This Court's Standing Order provides, in relevant part, that ex parte applications that do not comply with Local Rules 7-19 and 7-19.1 "will not be considered." *See* Standing Order, Dkt. No. 9 at 13. Local Rule 7-19, for example, requires a party applying for an ex parte order to include in its filings "the name, address, telephone number and e-mail address of counsel for the opposing party." Plaintiff, however, did not include the "telephone number and e-mail address of counsel for the opposing party" in any of the documents filed. *See* Dkt. Nos. 1–2, 4–5. Moreover, Local Rule 7-19.1 rule requires a party to "make reasonable, good faith efforts to orally advise counsel for all other parties" of the proposed ex parte application and to "advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application." Although, as discussed below, Plaintiff notified SAG-AFTRA of his application via email, he did not orally advise SAG-AFTRA of his application, and nothing on the docket reflects that he attempted to do so. These procedural flaws are fatal to his Motion. *See Rodney v. Toyota Motor Credit Corp.*, No. 5:24-CV-02202-AB, 2024 WL 5338656, at *2 (C.D. Cal. Nov. 20, 2024) (pro se plaintiff's application was procedurally improper where she failed to give notice to defendant); *Tecnogruas v.*

17

# EXHIBIT B



Alexander Plank <alex@alexplank.com>

---

# URGENT: disability erasure at SAG-AFTRA

**Michelle Bennett** <michelle.bennett@sagaftra.org>                          Tue, Aug 12, 2025 at 2:33 PM
To: alex@alexplank.com

Hi Alex,
The LA Local Election Voter's Guide and ballot materials are scheduled to mail tomorrow on Wednesday, August 13, 2025.

As I previously advised you, the photo was cropped only to align with SAG-AFTRA's Nominations & Election Policy and the candidate instructions, which specify that all photos submitted for the Voter's Guide must be a headshot of the candidate. All candidate photos have been cropped to comply with this Rule. The Election Committee does not have the authority to make any exceptions to the rules set forth in the SAG-AFTRA Nominations and Election Policy; it only has the authority to determine whether the candidate requirements have been met.

Michelle

--------- Forwarded message ---------
From: **Alexander Plank** <alex@alexplank.com>
Date: Fri, Aug 8, 2025 at 4:55 PM
Subject: Re: URGENT: disability erasure at SAG-AFTRA
To: Michelle Bennett <Michelle.Bennett@sagaftra.org>
Cc: Jeffrey Bennett <jpb@sagaftra.org>, <Rebecca.krinsky@sagaftra.org>


Hi Michelle,
I submitted a headshot that includes a disability aid visible within the frame. You cropped the photo to remove that disability aid. Your guide from this year and other years includes headshots framed more widely of other actors so this is not about framing.

Cropping my photo because there is evidence of my disability in the frame is a violation of federal disability rights legislation as well as the equal protection clause in the 14th amendment of the constitution.

Unions do not have the authority to override federal law.

You are violating these laws based on your misunderstanding union rules and the laws surrounding disabled individuals, but either way, your interpretation of the sag-aftra union rules is premised on your ableist belief that a headshot should not show signs of a disability.

Sending these out with the cropped image will cause me to suffer irreparable harm due to the following (but not limited to the following): public misrepresentation of my disability accommodations and identity as a disabled actor, harm to my reputation and credibility as a producer, disability rights activist, and disabled performer, and—as you acknowledged—emotional distress due to discrimination and erasure of my identity as a disabled actor who relies on a service animal.

Could please let me know when you are intending to send these out? If you intend to send these out with the cropped image of me, that is going to be a problem.

Just to be clear, you do not have my permission to send anything to the membership if it includes the photo of me with my service animal cropped out.

Alex

----
Alex Plank
+1 212-321-0730


On Fri, Aug 8, 2025 at 3:46 PM Michelle Bennett <michelle.bennett@sagaftra.org> wrote:

# EXHIBIT C

PLAINTIFF'S MOTION FOR SANCTIONS UNDER RULE 11 [Served Pursuant to Fed. R. Civ. P. 11(c)(2); Not Filed]

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

CLEAR FORM

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☒ )

Alexander Douglas Plank

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

SAG-AFTRA

**(b) County of Residence of First Listed Plaintiff**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant**
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.
c/o Arise Authentic Agency PO Box 930 Manhattan Beach, CA 90267
Phone: (703) 966-8504
Email: alex@alexplank.com

**Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.
Jeffrey Bennett, SAG-AFTRA, 5757 Wilshire Blvd, Fl 7, Los Angeles, CA 90036
Phone: 323-549-6424
Email: jpb@sagaftra.org

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multidistrict Litigation - Transfer
☐ 8. Multidistrict Litigation - Direct File

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No **☒ MONEY DEMANDED IN COMPLAINT:** $ 250,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Disability discrimination and realiation by labor union in violation of the ADA

**Does this case involve claimed Lemon Law violations of the federal Magnuson-Moss Warranty Act and/or the California Song-Beverly Consumer Warranty Act?** YES    NO ☒

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 835 Patent - Abbreviated New Drug Application |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 880 Defend Trade Secrets Act of 2016 (DTSA) |
| ☐ 450 Commerce/ICC Rates/Etc. | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | |
| ☐ 460 Deportation | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | **SOCIAL SECURITY** |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 861 HIA (1395ff) |
| ☐ 480 Consumer Credit | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 862 Black Lung (923) |
| ☐ 485 Telephone Consumer Protection Act | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 490 Cable/Sat TV | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 864 SSID Title XVI |
| ☐ 850 Securities/Commodities/Exchange | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 865 RSI (405 (g)) |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 891 Agricultural Acts | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 895 Freedom of Info. Act | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 896 Arbitration | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☒ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**    Case Number: **2:25-CV-07523-AB-SSCx**

CV-71 (07/25)    CIVIL COVER SHEET    Page 1 of 3

# EXHIBIT D

**From:** Olivia R. Singer Osinger@cwsny.com
**Subject:** RE: Notice of Material Misstatement in Opposition (Plank v. SAG-AFTRA, No. 2:25-cv-07523)
**Date:** August 21, 2025 at 3:06 PM
**To:** Alexander Plank alex@alexplank.com
**Cc:** Susan Davis sdavis@cwsny.com, Kayla Morin kmorin@cwsny.com, Jeffrey Bennett jpb@sagaftra.org, jlalas@altber.com, bchisholm@altshulerberzon.com

Good afternoon:

Thank you for your email. At the time SAG-AFTRA filed its opposition [Docket No. 13] on August 15, 2025, it had not received or been served with a copy of the Supplemental Declaration [Docket No. 18].  The Court did not docket the Supplemental Declaration until August 19, 2025, as reflected by the notation "Entered: 8/19/2025" at the end of the docket text.  The first time SAG-AFTRA received a copy of this document was through the Notice of Electronic Filing generated when it was docketed on August 19, 2025—four days after SAG-AFTRA filed its opposition.   SAG-AFTRA intends to address this timing issue in its response to your Motion for Reconsideration.

Sincerely,
Olivia Singer



**Olivia Singer**
909 Third Avenue, 12th Floor
New York, NY 10022-4731
o  212.356.0426
c  860.539.7282
f  646.473.8206
osinger@cwsny.com
www.cwsny.com
Biography
Pronouns: she, her, ella

---

**From:** Alexander Plank <alex@alexplank.com>
**Sent:** Thursday, August 21, 2025 5:45 PM
**To:** Olivia R. Singer <Osinger@cwsny.com>
**Cc:** Susan Davis <sdavis@cwsny.com>; Kayla Morin <kmorin@cwsny.com>; Jeffrey Bennett <jpb@sagaftra.org>; jlalas@altber.com; bchisholm@altshulerberzon.com
**Subject:** Re: Notice of Material Misstatement in Opposition (Plank v. SAG-AFTRA, No. 2:25-cv-07523)

Ms. Singer,

I am following up on the message I sent you and your colleagues earlier today regarding the material misrepresentation in Defendant's August 15, 2025 Opposition.

As noted, your Opposition asserted that Plaintiff "did not include the telephone number and e-mail address of counsel for the opposing party in any of the documents filed" (Opp. at p. 17 [PDF p. 25], Section II, "The TRO is Procedurally Defective"), which is false.

Given the time-sensitive nature of this issue and the possibility that Mr. Lalas may have been involved in drafting or reviewing the Opposition and its contained misrepresentations, I am copying both Mr. Lalas and Ms. Chisholm from Altshuler Berzon so that they are aware and can address the matter directly.

Please let me know whether you intend to take corrective action and whether you consent to email notice as our last UPS pickup today is at 5PM.

Respectfully,
Alexander Douglas Plank

On Thu, Aug 21, 2025 at 12:57 PM Alexander Plank <alex@alexplank.com> wrote:

Ms Singer,
I'm writing to you regarding a material misrepresentation in your August 15, 2025 opposition to my TRO. Specifically, you asserted that Plaintiff "did not include the 'telephone number and e-mail address of counsel for the opposing party' in any of the documents filed." (Opp. at 25 (citing L.R. 7-19).)

As you know, that statement is false. Plaintiff's filed documents included this information.

Because this was a main point in the ARGUMENT of Defendant's Opposition, specifically Section II, "The TRO is Procedurally Defective" (Opp. at 17), and because the Court relied on it in finding Plaintiff's TRO procedurally defective, the resulting prejudice is significant.

The appropriate remedy would be for you to correct the record promptly and take all measures necessary to effectuate the Court's reconsideration of Plaintiff's TRO.

As a professional courtesy, I am giving you the opportunity to address this misstatement voluntarily, but please let me know whether or not you intend to do so. If you do not, will you accept email as service of a formal Rule 11 notice or should I serve you via certified mail to your firm's address (909 3rd Ave 12th Floor, New York, NY 10022)?

Please let me know. However, if you believe there is an explanation, I am willing to consider it if provided promptly.

Best,
Alexander Douglas Plank

Under applicable Treasury Regulations, we are required to inform you that no U.S. tax advice in this email or an attachment to this email is intended or written to be used, nor can it be used, to avoid a penalty under the Internal Revenue Code, or to promote, market or recommend to another party a transaction or matter addressed in this email or attachment.

This E-Mail and any attachments may contain material that is protected by an attorney-client privilege or that is otherwise confidential. Please do not permit anyone other than an addressee or an employee or other authorized agent of an addressee to read this e-mail or any of its attachments without the consent of Cohen, Weiss and Simon LLP. If you are not one of the people specified in the previous sentence, please delete this e-mail and its attachments and notify me.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT E

PLAINTIFF'S MOTION FOR SANCTIONS UNDER RULE 11 [Served Pursuant to Fed. R. Civ. P. 11(c)(2); Not Filed]

3          Finally, Plaintiff's argument that this Court must reconsider its ruling

4   that his TRO Motion was procedurally deficient also fails. Although Plaintiff's

5   later filing of the Supplemental Declaration cured his initial failure to provide the

6   telephone number and e-mail address for opposing counsel, at the time SAG-

7   AFTRA filed its Opposition Brief, that Supplemental Declaration had not yet been

8   docketed, and SAG-AFTRA had not been served with a copy of it. Thus, based on

9   the information available to it at the time, SAG-AFTRA accurately stated in its

10  brief that Plaintiff had failed to include the telephone number and e-mail address

11  for opposing counsel in his filings.[5] *See* Opposition Brief at 17. And, as discussed

focus on the mailing of the Voter's Guide.  As such, the Court properly held that the TRO Motion was moot.  *See* Order at 3–4.[4]

Finally, Plaintiff's argument that this Court must reconsider its ruling that his TRO Motion was procedurally deficient also fails.  Although Plaintiff's later filing of the Supplemental Declaration cured his initial failure to provide the telephone number and e-mail address for opposing counsel, at the time SAG-AFTRA filed its Opposition Brief, that Supplemental Declaration had not yet been docketed, and SAG-AFTRA had not been served with a copy of it. Thus, based on the information available to it at the time, SAG-AFTRA accurately stated in its brief that Plaintiff had failed to include the telephone number and e-mail address for opposing counsel in his filings.[5]  *See* Opposition Brief at 17.  And, as discussed in SAG-AFTRA's Opposition Brief, this initial omission was not the only procedural defect in Plaintiff's moving papers.  *See id.* at 17–18.

## CONCLUSION

For all the foregoing reasons, this Court should deny Plaintiff's Motion for Reconsideration of Order Denying Ex Parte TRO and his Request for Leave Nunc Pro Tunc to File Reply to Defendant's Opposition to Application for Temporary Restraining Order.

---

[4] Even if the Court finds that the relief Plaintiff seeks is not entirely moot, it should deny Plaintiff's Motion for Reconsideration because Plaintiff cannot satisfy the high threshold for a Motion for Reconsideration or a TRO, as discussed *supra*.

[5] As such, Plaintiff's assertion that SAG-AFTRA's Opposition Brief misrepresented his filings, *see* Motion to Clarify at 1, is incorrect.

7

# EXHIBIT F



Alexander Plank <alex@alexplank.com>

---

## Submission and Pay.gov Payment Confirmation
1 message

**Civil Intake** <do-not-reply@cacd.uscourts.gov>                     Tue, Aug 12, 2025 at 5:30 PM
To: alex@alexplank.com

**Dear Alexander Plank:**

Your payment has been processed by Pay.gov. The transaction details are below. This email also confirms that the document(s) listed below were received by the United States District Court for the Central District of California at the date and time indicated:

**Name:** Alexander Plank
**Tracking Number:** EDS-250812-002-3545
**Pay.gov Tracking ID:** 27QHBL2D
**Transaction Date:** 8/12/2025 12:00:00 AM
**Transaction Amount:** $405

Uploaded files:

- **CV-071.pdf**
  *Civil Cover Sheet*
- **CV-030 copy.pdf**
  *Certification and Notice of Interested Parties*
- **PROPOSED TRO.pdf**
  *PROPOSED TRO*
- **TRO MOTION.pdf**
  *TRO MOTION*
- **COMPLAINT.pdf**
  *Complaint*
- **ao440 copy.pdf**
  *Summons in a Civil Action*

The document(s) have not yet been filed. Just like documents received through the U.S. Mail, documents received through the Electronic Document Submission System ("EDSS") will not be considered filed until court staff have uploaded them into the Court's Case Management/Electronic Case Filing System ("CM/ECF"). Documents submitted using EDSS will be processed in the order they are received and should be uploaded to CM/ECF within 3-5 business (or court) days after receipt. However, the date of EDSS submission will be considered the filing date for any documents received through EDSS and later filed into CM/ECF.

If you have registered for electronic service of documents in previous cases, you may receive a Notice of Electronic Filing ("NEF") from the CM/ECF System when the documents listed above are filed. If you have not previously registered for e-service, or if court staff cannot quickly identify your previous e-service registration record when processing your current submission, you will receive notice of this filing, with your new case number, by U.S. Mail. Once you receive your case number, you may register to receive electronic service of future documents filed in this case. (Click here for information about registering for e-service.)

If you are an attorney required by the local rules to file your documents electronically using the Court's CM/ECF System, your document(s) will not be filed if submitted through EDSS, and you will not receive any further communication from the Court about your EDSS submission.

Please include the tracking number listed above as your reference on any communications with the Court about this submission. We recommend that you keep this email for your records.

Civil Intake
United States District Court
Central District of California
Tel: (213) 894-3535

# Verify Document(s)

2:25-cv-07523-AB-SSC Alexander Douglas Plank v. SAG-AFTRA

| Date | # | Docket Text |
|---|---|---|
| 08/13/2025 | 1 | COMPLAINT against Defendant SAG-AFTRA.Case assigned to Judge Andre Birotte Jr for all further proceedings. Discovery referred to Magistrate Judge Stephanie S. Christensen.(Filing fee $ 405:PAID), filed by plaintiff Alexander Douglas Plank. (Attachments: # 1 CV-71) (ghap) |

File size is 3046218

File size is 205844

## Original Signature(s)

**Document No:** 40722379
**Document description:**Main Document
**Original filename:**C:\fakepath\LA25CV07523-AB-SSCx.COMPLAINT.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=8/13/2025] [FileNumber=40722379-0
] [9f9b9c350d4212b86c84fab75fdbb240e307ed9118aed93121a13598c1f4d520ef7
129fb844ebfb8eab30129283aea4abd5994d2d54daef9cb28ed55ed3ea8d3]]

**Document No:** 40722379
**Document description:** CV-71
**Original filename:**C:\fakepath\LA25CV07523-AB-SSCx.CV-71.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=8/13/2025] [FileNumber=40722379-1
] [bed4fce8cfe9f1461542b2121cacbfdee31cd9b751027c8b9b7eee88eeb2a1e75e9
9c29e61c353964b7cba939827ba9f4d65b7eb6cdd735a4985f02a2e8f5f37]]

## Verified Signature(s)

**Document No:** 40722379
**Document description:**Main Document
**Original filename:**C:\fakepath\LA25CV07523-AB-SSCx.COMPLAINT.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=8/13/2025] [FileNumber=40722379-0
] [9f9b9c350d4212b86c84fab75fdbb240e307ed9118aed93121a13598c1f4d520ef7
129fb844ebfb8eab30129283aea4abd5994d2d54daef9cb28ed55ed3ea8d3]]

**Document No:** 40722379
**Document description:** CV-71
**Original filename:**C:\fakepath\LA25CV07523-AB-SSCx.CV-71.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=8/13/2025] [FileNumber=40722379-1
] [bed4fce8cfe9f1461542b2121cacbfdee31cd9b751027c8b9b7eee88eeb2a1e75e9
9c29e61c353964b7cba939827ba9f4d65b7eb6cdd735a4985f02a2e8f5f37]]

## The documents signatures are the same

If the list of cases shown above is incorrect, click the back button of the browser to change it.

(SSCx),DISCOVERY,MANADR

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Western Division – Los Angeles)
### CIVIL DOCKET FOR CASE #: 2:25–cv–07523–AB–SSC

| | |
|---|---|
| Alexander Douglas Plank v. SAG–AFTRA | Date Filed: 08/13/2025 |
| Assigned to: Judge Andre Birotte Jr | Jury Demand: None |
| Referred to: Magistrate Judge Stephanie S. Christensen | Nature of Suit: 445 Civil Rights: |
| Demand: $250,000 | Americans with Disabilities – Employment |
| Cause: 28:1331 Fed. Question: Employment Discrimination | Jurisdiction: Federal Question |

**Plaintiff**

**Alexander Douglas Plank**                    represented by    **Alexander Douglas Plank**
c–o Arise Artists Agency
PO Box 930
Manhattan Beach, CA 90267
703–966–8504
Email: alex@alexplank.com
PRO SE

V.

**Defendant**

**SAG–AFTRA**                    represented by    **Jonah Lalas**
Altshuler Berzon LLP
350 West Colorado Blvd., Suite 420
Pasadena, CA 91105
323–963–8693
Fax: 415–362–8064
Email: jlalas@altber.com
*ATTORNEY TO BE NOTICED*

**Kayla Morin**
Cohen, Weiss and Simon LLP
909 Third Avenue, 12th Floor
New York, NY 10022–4731
212–356–0257
Fax: 646–473–8257
Email: kmorin@cwsny.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Olivia Singer**
Cohen, Weiss and Simon LLP
Legal Department
909 Third Avenue, 12th Floor
New York, NY 10022
212–356–0206
Fax: 646–473–8206
Email: osinger@cwsny.com
*ATTORNEY TO BE NOTICED*

**Susan Davis**
Cohen Weiss and Simon LLP
909 Third Avenue, 12th Floor
New York, NY 10022–4731
212–356–0207
Fax: 646–473–8207
Email: sdavis@cwsny.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/13/2025 | 1 | COMPLAINT against Defendant SAG−AFTRA.Case assigned to Judge Andre Birotte Jr for all further proceedings. Discovery referred to Magistrate Judge Stephanie S. Christensen.(Filing fee $ 405:PAID), filed by plaintiff Alexander Douglas Plank. (Attachments: # 1 CV−71) (ghap) (Entered: 08/13/2025) |
| 08/13/2025 | 2 | Request for Clerk to Issue Summons on Complaint – (Discovery), 1 filed by plaintiff Alexander Douglas Plank. (ghap) (Entered: 08/13/2025) |
| 08/13/2025 | 3 | NOTICE TO FILER OF DEFICIENCIES in Filed Document RE: Complaint – (Discovery), 1 . The following error(s) was/were found: Document lacks required signature. In response to this notice, the Court may: (1) order an amended or correct document to be filed; (2) order the document stricken; or (3) take other action as the Court deems appropriate. You need not take any action in response to this notice unless and until the Court directs you to do so. (ghap) (Entered: 08/13/2025) |
| 08/13/2025 | 4 | EX PARTE Motion for for Temporary Restraining Order, and for Expedited Hearing on Preliminary Injunction, filed by plaintiff Alexander Douglas Plank. (Attachments: # 1 Proposed Order) (ghap) (Entered: 08/13/2025) |
| 08/13/2025 | 5 | CERTIFICATION AND NOTICE of Interested Parties filed by Plaintiff Alexander Douglas Plank. (ghap) (Entered: 08/13/2025) |
| 08/13/2025 | 6 | NOTICE OF ASSIGNMENT to District Judge Andre Birotte Jr and Magistrate Judge Stephanie S. Christensen. (ghap) (Entered: 08/13/2025) |
| 08/13/2025 | 7 | NOTICE TO PARTIES OF COURT−DIRECTED ADR PROGRAM filed. (ghap) (Entered: 08/13/2025) |
| 08/13/2025 | 8 | Notice to Counsel Re Consent to Proceed Before a United States Magistrate Judge. (ghap) (Entered: 08/13/2025) |
| 08/14/2025 | 9 | INITIAL STANDING ORDER upon filing of the complaint by Judge Andre Birotte Jr. (evc) (Entered: 08/14/2025) |
| 08/14/2025 | 18 | MEMORANDUM in Support of Ex Parte Application for Temporary Restraining Order 4 filed by Plaintiff Alexander Douglas Plank. (gk) (Entered: 08/19/2025) |
| 08/14/2025 | 19 | APPLICATION for Pro Se Litigant to electronically file documents in a specific case filed by Plaintiff Alexander Douglas Plank. (gk) (Entered: 08/19/2025) |
| 08/15/2025 | 10 | Notice of Appearance or Withdrawal of Counsel: for attorney Jonah Lalas counsel for Defendant SAG−AFTRA. Adding Jonah J. Lalas as counsel of record for SAG−AFTRA for the reason indicated in the G−123 Notice. Filed by defendant SAG−AFTRA. (Attorney Jonah Lalas added to party SAG−AFTRA(pty:dft))(Lalas, Jonah) (Entered: 08/15/2025) |
| 08/15/2025 | 11 | APPLICATION of Non−Resident Attorney Susan Davis to Appear Pro Hac Vice on behalf of Defendant SAG−AFTRA (Pro Hac Vice Fee – $500 Fee Paid, Receipt No. ACACDC−40315287) filed by defendant SAG−AFTRA. (Attachments: # 1 Exhibit Certificate of Good Standing, # 2 Exhibit Certificate of Good Standing, # 3 Proposed Order) (Lalas, Jonah) (Entered: 08/15/2025) |
| 08/15/2025 | 12 | APPLICATION of Non−Resident Attorney Kayla Morin to Appear Pro Hac Vice on behalf of Defendant SAG−AFTRA (Pro Hac Vice Fee – $500 Fee Paid, Receipt No. ACACDC−40315406) filed by defendant SAG−AFTRA. (Attachments: # 1 Exhibit Certificate of Good Standing, # 2 Exhibit Certificate of Good Standing, # 3 Proposed Order) (Lalas, Jonah) (Entered: 08/15/2025) |
| 08/15/2025 | 13 | MEMORANDUM in Opposition to EX PARTE APPLICATION for Temporary Restraining Order EX PARTE APPLICATION for Preliminary Injunction EX PARTE APPLICATION to Expedite 4 filed by Defendant SAG−AFTRA. (Attachments: # 1 Declaration of Michelle Bennett)(Attorney Olivia Singer added to party SAG−AFTRA(pty:dft))(Singer, Olivia) (Entered: 08/15/2025) |

**Certificate of Service**

I certify that on August 26, 2025, I served the foregoing Motion for Sanctions, together with the Declaration and Exhibits, by U.S. Mail (certified, first-class, postage prepaid) on:

Susan Davis                                      Kayla Morin

Cohen Weiss and Simon LLP                        Cohen, Weiss and Simon LLP

909 Third Avenue, 12th Floor                     909 Third Avenue, 12th Floor

New York, NY 10022-4731                          New York, NY 10022-4731


Jonah Lalas                                      Olivia Singer

Altshuler Berzon LLP                             Cohen, Weiss and Simon LLP

350 West Colorado Blvd., Suite 420               Legal Department

Pasadena, CA 91105                               909 Third Avenue, 12th Floor

                                                 New York, NY 10022


I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 26, 2025

Los Angeles, CA

Alexander Douglas Plank

c/o Arise Artists Agency

PO Box 930

Manhattan Beach, CA 90267

Phone: (703) 966-8504

Email: alex@alexplank.com