Susan Davis (*pro hac vice* admitted)
Olivia R. Singer (Calif. Bar No. 312770)
Kayla Morin (*pro hac vice* admitted)
COHEN, WEISS and SIMON LLP
909 Third Avenue, 12th Floor
New York, New York 10022-4869
Tel: (212) 563-4100
sdavis@cwsny.com
*Attorneys for Defendant SAG-AFTRA*

UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

-----------------------------------------------------------x

ALEXANDER DOUGLAS PLANK,

                    *Plaintiff*,

   - v. -

SAG-AFTRA,

                    *Defendant*.

-----------------------------------------------------------x

Case No.
25-cv-07523 (AB) (SSC)

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**

**Hearing Date:** October 24, 2025
**Time:** 10:00 a.m.
**Judge:** Hon. André Birotte Jr.
**Courtroom:** 7B

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT ............................................................................1

BACKGROUND ....................................................................................................2

ARGUMENT ..........................................................................................................7

I. THE STANDARD FOR GRANTING RULE 11 SANCTIONS. ...................7

II. THERE WAS A REASONABLE BASIS FOR SAG-AFTRA'S STATEMENT. ...............................................................................................8

III. EVEN IF THE STATEMENT WAS TECHNICALLY INACCURATE OR IMPRECISE, IT WAS MINOR INACCURACY AND PLAINTIFF SUFFERED NO PREJUDICE. ................................................10

IV. SAG-AFTRA CEASED TO ADVANCE AN ARGUMENT BASED ON THE CHALLENGED STATEMENT. ...................................................12

V. PLAINTIFF FAILED TO COMPLY WITH THE MEET-AND-CONFER REQUIREMENT. .......................................................................13

CONCLUSION ....................................................................................................14

CERTIFICATE OF COMPLIANCE ...................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Altin Havayolu Tasamaciligi Turizm Ve Tic v. Sinnarajah*,
  No. C-07-6475 EDL, 2008 WL 2383212 (N.D. Cal. June 9, 2008) ..................13

*Art Attacks Ink, LLC v. MGA Ent., Inc.*,
  No. 04CV1035 J (BLM), 2006 WL 8439887 (S.D. Cal. June 21, 2006) ..........11

*Balaoing v. Nissan N. Am., Inc.*,
  No. 1:23-CV-00575-ADA-SAB, 2023 WL 4234664 (E.D. Cal. June 28, 2023) .................................................................................................................8

*Conn v. Borjorquez*,
  967 F.2d 1418 (9th Cir. 1992) ..........................................................................7

*Goldwater Bank, N.A. v. Elizarov*,
  No. 5:21-CV-00616-JWH-SP, 2023 WL 4295255 (C.D. Cal. May 9, 2023) ...............................................................................................................10

*Harbor Breeze Corp. v. Newport Landing Sportfishing, Inc.*,
  No. SACV1701613CJCDFMX, 2020 WL 816135 (C.D. Cal. Jan. 23, 2020) ...............................................................................................................10

*Holiday v. United States*,
  No. 17-CR-01370-AJB, 2025 WL 2109077 (S.D. Cal. July 28, 2025) ............10

*ITC Textile, Ltd. v. Ross Stores, Inc.*,
  No. CV 13-36-JFW, 2013 WL 12130567 (C.D. Cal. Apr. 29, 2013) ...............12

*Operating Eng'r Pension Tr. v. A-C Co.*,
  859 F.2d 1336 (9th Cir. 1988) ..........................................................................7

*Payne v. JP Morgan Chase Bank N.A.*,
  No. EDCV15-01-768-AB, 2015 WL 12832118 (C.D. Cal. Sept. 22, 2015) .................................................................................................................8

*Pilot Inc. v. TYC Brother Indus. Co.*,
  No. 220CV02978ODWRAOX, 2021 WL 135785 (C.D. Cal. Jan. 14, 2021) .................................................................................................................9

*Plong v. BM Realestate Servs. Inc.*,
   No. 2:20-CV-06999-JWH-AGRX, 2022 WL 22871445 (C.D. Cal. Aug.
   9, 2022) ............................................................................................................... 14

*Rodney v. Toyota Motor Credit Corp.*,
   No. 5:24-CV-02202-AB, 2024 WL 5338656 (C.D. Cal. Nov. 20, 2024) ............ 8

*Rozario v. Evolution Film & Tape, Inc.*,
   No. CV1409540ABJPRX, 2015 WL 13447517 (C.D. Cal. Aug. 24, 2015) ........ 7

*Tabi v. Stephenson*,
   No. 2:21-CV-09929-DMG-JC, 2023 WL 8125841 (C.D. Cal. Oct. 17,
   2023) ................................................................................................................... 11

*Tom Growney Equip., Inc. v. Shelly Irrigation Dev., Inc.*,
   834 F.2d 833 (9th Cir. 1987) ............................................................................... 8

*White v. LA Pilates Carlsbad*,
   No. 20CV2054 DMS (MSB), 2021 WL 1626315 (S.D. Cal. Apr. 27,
   2021) ................................................................................................................... 11

**Other Authorities**

Fed. R. Civ. P. 11 ............................................................................................. *passim*

Fed. R. Civ. P. 12(f) .................................................................................................. 4

Local Rule 7-3 ................................................................................................... 13, 14

Local Rule 7-19 ............................................................................................... *passim*

**PRELIMINARY STATEMENT**

In this baseless motion for sanctions ("Sanctions Motion") brought pursuant to Federal Rule of Civil Procedure 11 ("Rule 11"), Plaintiff seeks sanctions for a good faith statement that SAG-AFTRA made in opposition to his application for an ex parte temporary restraining order ("TRO"), which this Court denied on August 19, 2025.  Critically, in ruling on another of Plaintiff's many motions, this Court found that SAG-AFTRA's statement at issue here had no bearing on the Court's denial of Plaintiff's TRO application.

Plaintiff's Sanctions Motion arises from SAG-AFTRA's argument, contained in its opposition to Plaintiff's TRO motion, that Plaintiff failed to comply with Local Rule 7-19, which requires a party seeking an ex parte order to file a memorandum containing "the name, address, telephone number and e-mail address of counsel for the opposing party."  L.R. 7-19.  In support of its argument that Plaintiff's TRO motion was procedurally improper, SAG-AFTRA asserted that "Plaintiff . . . did not include the 'telephone number and e-mail address of counsel for the opposing party' in any of the documents filed."  Dkt. No. 13 at 17.

Despite this Court already ruling that the question of Plaintiff's compliance with Local Rule 7-19 had no bearing on its order denying the TRO application, Plaintiff now moves for sanctions against SAG-AFTRA on that very issue.  Specifically, Plaintiff argues that because his Complaint contained the e-mail address of SAG-AFTRA's counsel and the Civil Cover Sheet contained the telephone number and e-mail address of SAG-AFTRA's counsel, SAG-AFTRA's statement that he failed to include this information warrants sanctions.  This argument is meritless.

*First*, SAG-AFTRA had a reasonable basis for asserting that Plaintiff did not include the telephone number and e-mail address of counsel in any of the documents he filed.  The Civil Cover Sheet is not a substantive pleading, and the e-mail address included in Plaintiff's Complaint appeared only in an exhibit to the

1

1  Complaint, not in the body of the Complaint itself.  Neither of these filings comply
2  with Local Rule 7-19's requirement that a party file "a memorandum containing, if
3  known, the name, address, telephone number and e-mail address of counsel for the
4  opposing party."  L.R. 7-19.

5   *Second*, even if SAG-AFTRA's statement was imprecise or even
6  incorrect, it was a minor mistake that did not prejudice Plaintiff in the slightest.
7  Indeed, this Court rejected Plaintiff's earlier motion to strike the statement from
8  SAG-AFTRA's opposition, explicitly acknowledging that "this allegation of a
9  procedural defect by the Defendant did not bear on the Court's reasoning" in
10 denying Plaintiff's TRO motion.  Dkt. No. 31 at 2.

11   Importantly, the commentary to Rule 11 makes clear that "Rule 11
12 motions should not be made or threatened for minor, inconsequential violations . . .
13 ."  Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment.  Yet
14 Plaintiff's motion does precisely that, weaponizing the Rule based on an
15 inconsequential statement that had no effect on this proceeding.

16   *Third*, after Plaintiff served SAG-AFTRA with his Sanctions Motion,
17 SAG-AFTRA refrained from further pursuing the argument that Plaintiff failed to
18 comply with Local Rule 7-19.  SAG-AFTRA's decision to cease advancing this
19 argument brings it squarely within the safe harbor provision of Rule 11(c)(2),
20 curing any potential violation.

21   *Finally*, in addition to the substantive flaws in the Sanctions Motion,
22 Plaintiff failed to comply with this Court's meet-and-confer requirement before
23 filing it.  This procedural flaw, standing alone, warrants denial of the motion.

24   For all the foregoing reasons and as discussed further below, the Court
25 should deny the Sanctions Motion.

## BACKGROUND

27   The Central District of California's Local Rule 7-19 provides, in
28 relevant part: "An application for an ex parte order shall be accompanied by a

Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Sanctions

1  memorandum containing, if known, the name, address, telephone number and e-
2  mail address of counsel for the opposing party . . . ."  Plaintiff's Sanctions Motion
3  is based exclusively on SAG-AFTRA's statement that Plaintiff failed to comply
4  with Local Rule 7-19 in his application for a TRO.  The filings relevant to this
5  argument and the Sanctions Motion are set forth below.
6         On August 13, 2025, Plaintiff filed a Complaint (Dkt. No. 1), Civil
7  Cover Sheet (Dkt. No. 1-1), Summons Request (Dkt. No. 2), Ex Parte Motion for
8  Temporary Restraining Order, and for Expedited Hearing on Preliminary
9  Injunction (the "TRO Motion") (Dkt. No. 4) and Proposed Order (Dkt. No. 4-1),
10 and a Notice of Interested Parties (Dkt. No. 5).  On August 14, 2025, Plaintiff filed
11 what Plaintiff styles as a "Supplemental Declaration" ("Supplemental
12 Declaration") (Dkt. No. 18), which was not docketed until August 19, 2025.
13 Plaintiff's Supplemental Declaration stated "OPPOSING COUNSEL (L.R. 7-19)"
14 on the first page, and it included the name, address, telephone number, and e-mail
15 address of counsel for SAG-AFTRA.  Dkt. No 18.
16         On August 15, 2025, Defendant SAG-AFTRA filed its Memorandum
17 of Points and Authorities in Opposition to Plaintiff's TRO Motion ("TRO
18 Opposition") (Dkt. No. 13).  In the TRO Opposition, as a minor and ultimately
19 inconsequential point, SAG-AFTRA stated, in relevant part: "Plaintiff, however,
20 did not include the 'telephone number and e-mail address of counsel for the
21 opposing party' in any of the documents filed.  *See* Dkt. Nos. 1–2, 4–5."  TRO
22 Opposition at 17.
23         On August 19, 2025, the Court issued its Order Denying Plaintiff's
24 TRO Motion ("TRO Order") (Dkt. No. 20).  Regarding the TRO Motion's
25 procedural deficiencies, the TRO Order stated, in relevant part:
26         Plaintiff failed to follow the required local rules when
27         filing his Ex Parte Application.  As per Local Rule 7-
           19.1, Plaintiff was required to orally "advise counsel for
28

3

> all other parties, if known, of the date and substance of the proposed ex parte application" and "advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application." Plaintiff failed to provide the required written notice to this Court on his good faith efforts to advise opposing counsel, making his Ex Parte Application procedurally deficient.

TRO Order at 3. In the TRO Order, the Court did not even mention, let alone base its decision on, whether Plaintiff complied with Local Rule 7-19's requirement to provide contact information for opposing counsel. *See generally id.*

On August 19, 2025, Plaintiff filed a Motion to Clarify the Record on L.R. 7-19 Compliance ("Motion to Clarify") (Dkt. No. 22), arguing that Plaintiff's Supplemental Declaration satisfied the requirements of Local Rule 7-19. The Motion to Clarify requested that the Court "clarify that his August 14, 2025 filing at Dkt. 18 included the name, address, telephone number, and email address of opposing counsel, in compliance with L.R. 7-19, contrary to Defendant's assertion." Motion to Clarify at 1. The Motion to Clarify did not assert that Plaintiff's Complaint or Civil Cover Sheet contained this information. *Id.* Plaintiff further stated, "[t]o the extent Defendant's Opposition misrepresents Plaintiff's filings, Plaintiff reserves the right to move to strike the portions under Fed. R. Civ. P. 12(f)." *Id.*

Also on August 19, 2025, Plaintiff filed a Motion for Reconsideration of Order Denying Ex Parte TRO ("Motion for Reconsideration") (Dkt. No. 23). The Motion for Reconsideration argued, in relevant part, that the Court's finding of a procedural deficiency in the TRO Order was incorrect because, *inter alia*, Plaintiff's Supplemental Memorandum included the contact information for opposing counsel. Motion for Reconsideration at 4–5. The Motion for Reconsideration did not assert that Plaintiff's Complaint or Civil Cover Sheet contained this information. *See generally id.*

4

On August 21, 2025, Plaintiff sent counsel for SAG-AFTRA an e-mail regarding an alleged "Notice of Material Misstatement in Opposition," asserting that SAG-AFTRA's statement about Plaintiff's compliance with Local Rule 7-19 was "false," that "Plaintiff's filed documents included this information," and threatening sanctions. Declaration of Susan Davis dated October 3, 2025 ("Davis Decl.") ¶ 2, Ex. A. Plaintiff sent another e-mail later that day, again asserting that the statement was false. *Id.* Plaintiff did not identify the Complaint or Civil Cover Sheet as containing the required information in either e-mail. *See id.* Given Plaintiff's earlier filings about the Supplemental Memorandum, counsel for SAG-AFTRA explained that at the time SAG-AFTRA filed its TRO Opposition, the Supplemental Memorandum had not yet been docketed and SAG-AFTRA had not received or been served with a copy of it. *Id.*

On August 25, 2025, SAG-AFTRA filed a Memorandum in Opposition to Plaintiff's Motion for Reconsideration and in Opposition to Plaintiff's Request for Leave to File Reply (Dkt. No. 27) ("Opposition to Reconsideration"). In the Opposition to Reconsideration, SAG-AFTRA stated that "Plaintiff's later filing of the Supplemental Declaration cured his initial failure to provide the telephone number and e-mail address for opposing counsel," while addressing that at the time SAG-AFTRA filed its TRO Opposition, the Supplemental Declaration had not been docketed and SAG-AFTRA had not been served with a copy of it. Opposition to Reconsideration at 7.

On August 26, 2025, Plaintiff filed a Notice of Motion and Motion for Preliminary Injunction ("PI Motion") (Dkt. No. 30). That same day, Plaintiff mailed the Sanctions Motion to counsel for SAG-AFTRA. Dkt. No. 41.[1]

---

[1] While Plaintiff seeks sanctions against SAG-AFTRA in the Sanctions Motion he filed, the motion he served appeared to seek sanctions against SAG-AFTRA's counsel. *Compare* Sanctions Motion at 1 (Plaintiff "will and hereby does move the Court for sanctions against *Defendant SAG-AFTRA*" (emphasis added)) *with* Dkt.

5

On August 27, 2025, the Court denied Plaintiff's Motion for Reconsideration, Request for Leave to File Reply, and Motion to Clarify (Dkt. No. 31) ("Reconsideration Order"). The Reconsideration Order stated, in relevant part:

> In Plaintiff's Motion to Clarify, Plaintiff requested the Court strike a portion of the Defendant SAG-AFTRA's ("Defendant") Memorandum in Opposition to his Ex Parte Applications ("Opposition," Dkt. No. 13). The Opposition noted that the Plaintiff's Ex Parte Applications were defective as he failed to include the name, address, telephone number and e-mail address of counsel for the opposing party in his application, as required under Local Rule 7-19. Opp'n at 17. In Plaintiff's Motion to Clarify, he notes that the information required by Local Rule 7-19 was included in his subsequent Memorandum in Support of Ex Parte Application for a Temporary Restraining Order ("Memorandum in Support," Dkt. No. 18), though it was not in the Ex Parte Applications themselves. Plaintiff, in his Motion to Clarify, has asked the Court to strike this portion of the Opposition as per Federal Rule of Civil Procedure 12(f).
>
> *As this allegation of a procedural defect by the Defendant did not bear on the Court's reasoning in the Denial Order*, the Court declines to use its discretion to strike portions of the Defendant's Opposition, as requested by the Plaintiff. *Failing to strike this portion of the Opposition does not and will not prejudice the Plaintiff.* The Court **DENIES** the Plaintiff's Motion to Clarify.

Reconsideration Order at 2 (emphasis added).

On September 5, 2025, SAG-AFTRA filed its Memorandum of Points and Authorities in Opposition to Plaintiff's PI Motion ("PI Opposition") (Dkt. No.

---

No. 41-1 at 4 ("This motion is served (but not filed) on *Defendant's counsel* . . . ." (emphasis added)). Our response applies with equal force to both.

6

33). In its PI Opposition, SAG-AFTRA did not argue that Plaintiff failed to comply with Local Rule 7-19. *See generally* PI Opposition.

On September 16, 2025, counsel for SAG-AFTRA emailed Plaintiff to schedule a meet and confer to discuss SAG-AFTRA's anticipated motion to dismiss the Complaint. Davis Decl. ¶ 3, Ex. B. Two days later, on September 18, 2025, Plaintiff filed a First Amended Complaint ("FAC") (Dkt. No. 39). On September 20, 2025, Plaintiff filed the instant Sanctions Motion and supporting declarations (Dkt. Nos. 40–42).

On September 24, 2025, after notification that there would not be oral argument on Plaintiff's PI Motion, Plaintiff filed a Notice of Withdrawal of the motion (Dkt. No. 44). On September 25, 2025, Plaintiff filed an Amended Civil Cover Sheet (Dkt. No. 46) and Request for Clerk to Issue Summons on the FAC (Dkt. No. 47). On September 29, 2025, Summons were issued (Dkt. No. 48).[2]

## ARGUMENT

### I. THE STANDARD FOR GRANTING RULE 11 SANCTIONS.

Rule 11 sanctions are "an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'r Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). "If, judged by an objective standard, a reasonable basis for the position exists in both law and in fact at the time the position is adopted, then [Rule 11] sanctions should not be imposed." *Conn v. Borjorquez*, 967 F.2d 1418, 1421 (9th Cir. 1992). "[S]anctions are not to be lightly granted" and should not be used to "'chill' creative advocacy or attorneys' enthusiasm in pursuing legal or factual theories." *Rozario v. Evolution Film & Tape, Inc.*, No. CV1409540ABJPRX, 2015 WL 13447517, at *1 (C.D. Cal. Aug. 24, 2015); *see*

---

[2] Despite his myriad filings, Plaintiff has yet to serve SAG-AFTRA with the Summons, Complaint, or FAC. SAG-AFTRA reserves its right to make arguments about lack of service in its future filings.

*also* Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment ("Rule 11 motions should not be made or threatened for minor, inconsequential violations . . . ."). The party moving for sanctions bears the burden of demonstrating that sanctions are warranted. *See Tom Growney Equip., Inc. v. Shelly Irrigation Dev., Inc.*, 834 F.2d 833, 837 (9th Cir. 1987).

## II. THERE WAS A REASONABLE BASIS FOR SAG-AFTRA'S STATEMENT.

As a preliminary matter, sanctions are not warranted because SAG-AFTRA had a reasonable basis for the challenged statement. In light of the extraordinary relief sought in an application for an ex parte TRO, this Court's Standing Order "advises parties that applications omitting the requirements of Local Rules 7-19 and 7-19.1 'will not be considered.'" *Rodney v. Toyota Motor Credit Corp.*, No. 5:24-CV-02202-AB, 2024 WL 5338656, at *1 (C.D. Cal. Nov. 20, 2024); *see also* Dkt. No. 9 at 13. Thus, in defending against Plaintiff's TRO Motion, in addition to its substantive arguments, SAG-AFTRA stated that Plaintiff's filings did not include the information required by Local Rule 7-19. As discussed below, because SAG-AFTRA's statement had a reasonable basis in law and fact, the Court should deny Plaintiff's Sanctions Motion.

*First*, although Plaintiff relies on the fact that he included the information required by Local Rule 7-19 in the Civil Cover Sheet, the Civil Cover Sheet is "not an initial pleading within the meaning of the law." *See, e.g.*, *Balaoing v. Nissan N. Am., Inc.*, No. 1:23-CV-00575-ADA-SAB, 2023 WL 4234664, at *2 n.3 (E.D. Cal. June 28, 2023) (collecting cases), *report and recommendation adopted*, No. 123CV00575ADASAB, 2023 WL 5635999 (E.D. Cal. Aug. 31, 2023); *see also Payne v. JP Morgan Chase Bank N.A.*, No. EDCV15-01-768-AB (PLAx), 2015 WL 12832118, at *1 n.1 (C.D. Cal. Sept. 22, 2015) ("[B]ecause the cover sheet is not a pleading and does not amend or modify a pleading, its contents

8

1  cannot satisfy the standards governing federal pleadings."). The Civil Cover Sheet
2  itself makes clear that "the information contained [in the Civil Cover Sheet] neither
3  replaces nor supplements the filings and service of pleadings or other papers as
4  required by law." Dkt. 1-1 at 3. Therefore, because the Civil Cover Sheet is not a
5  pleading and does not supplement Plaintiff's other filings, it was reasonable for
6  SAG-AFTRA to state that Plaintiff's filings did not include the information
7  required by Local Rule 7-19. *Cf. Pilot Inc. v. TYC Brother Indus. Co.*, No.
8  220CV02978ODWRAOX, 2021 WL 135785, at *3 (C.D. Cal. Jan. 14, 2021)
9  (denying sanctions motion where parties disagreed over applicable law and where
10 party had a reasonable basis for its position).

11      *Second*, although Plaintiff argues that his Complaint contained SAG-
12 AFTRA's counsel's email address, the email address appeared only in an exhibit to
13 the Complaint, not in the body of the Complaint itself. Dkt. 40-2. Furthermore,
14 Plaintiff does not assert that the Complaint included the telephone number of
15 opposing counsel. Sanctions Motion at 3. Thus, in reference to the Complaint,
16 SAG-AFTRA's assertion that Plaintiff failed to include the "telephone number *and*
17 e-mail address of counsel for the opposing party," was accurate. TRO Opposition
18 at 17 (emphasis added).

19      Significantly, neither the listing of contact information in the Civil
20 Cover Sheet, nor the inclusion of SAG-AFTRA's counsel's email address in an
21 exhibit to the Complaint, conforms with Local Rule 7-19's requirement that a party
22 must accompany an ex parte order with "*a memorandum* containing, if known, the
23 name, address, telephone number and e-mail address of counsel for the opposing
24 party." L.R. 7-19 (emphasis added). Indeed, Plaintiff's later filing of the
25 Supplemental Declaration and Motion to Clarify—premised only on the
26 Supplemental Declaration, and *not* on the Complaint or Civil Cover Sheet—
27 indicates that he too did not view the filings docketed on August 13 as sufficient to
28 comply with Local Rule 7-19. And, because Plaintiff did not argue in his Motion

9

to Clarify or Motion for Reconsideration that the Civil Cover Sheet or Complaint satisfied Local Rule 7-19, he should not be permitted to now use a Rule 11 motion as a vehicle to advance arguments he failed to raise earlier. *Cf. Goldwater Bank, N.A. v. Elizarov*, No. 5:21-CV-00616-JWH-SP, 2023 WL 4295255, at *4 (C.D. Cal. May 9, 2023) (Rule 11 motion for sanctions improper where the motion was a "thinly veiled attempt to relitigate [defendant's] denied motion to dismiss").

### III. EVEN IF THE STATEMENT WAS TECHNICALLY INACCURATE OR IMPRECISE, IT WAS MINOR INACCURACY AND PLAINTIFF SUFFERED NO PREJUDICE.

Next, even if the statement was technically inaccurate or imprecise, it was immaterial to the Court's TRO Order and therefore caused Plaintiff no prejudice. As discussed above, sanctions under Rule 11 are an extraordinary remedy, and the commentary to Rule 11 cautions that sanctions motions "should not be made or threatened for minor, inconsequential violations of the standards prescribed by [Rule 11(b)]." Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment. Here, the Court explicitly stated in its denial of Plaintiff's Motion to Clarify that SAG-AFTRA's "allegation of a procedural defect [i.e. Plaintiff's non-compliance with Local Rule 7-19] . . . did not bear on the Court's reasoning," and did not factor into its decision to deny the TRO. Reconsideration Order at 2. Specifically, in denying Plaintiff's request to strike the statement from SAG-AFTRA's TRO Opposition, the Court emphasized that "[f]ailing to strike this portion of the Opposition does not and will not prejudice the Plaintiff." *Id.*

Absent any prejudice to Plaintiff or a showing that a misstatement was material, Plaintiff cannot meet his burden of demonstrating that sanctions are warranted. *See Holiday v. United States*, No. 17-CR-01370-AJB, 2025 WL 2109077, at *9 (S.D. Cal. July 28, 2025) (denying motion for sanctions where misstatement was "minor" and the court found no prejudice to the plaintiff); *Harbor Breeze Corp. v. Newport Landing Sportfishing, Inc.*, No.

10

SACV1701613CJCDFMX, 2020 WL 816135, at *10 (C.D. Cal. Jan. 23, 2020) (declining to impose sanctions even where certain phrases were factually inaccurate, noting that the court "never relied on these phrases in ruling on the motion"); *see also Tabi v. Stephenson*, No. 2:21-CV-09929-DMG-JC, 2023 WL 8125841, at *2 n.2 (C.D. Cal. Oct. 17, 2023) (a "minor and non-material factual inconsistency provides no basis for Rule 11 sanctions" (cleaned up)); *White v. LA Pilates Carlsbad*, No. 20CV2054 DMS (MSB), 2021 WL 1626315, at *1 (S.D. Cal. Apr. 27, 2021) (discrepancies about the date plaintiff first used a trademark and where trademark was registered did not rise to the level of a Rule 11 violation).

Indeed, far from supporting sanctions, Plaintiff's attempt to invoke Rule 11 based on an issue the Court has already deemed irrelevant is itself baseless and improper.  *See* Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment ("[T]he filing of a motion for sanctions is itself subject to the requirements of the rule and can lead to sanctions."); *Art Attacks Ink, LLC v. MGA Ent., Inc.*, No. 04CV1035 J (BLM), 2006 WL 8439887, at *8 (S.D. Cal. June 21, 2006) ("Rule 11 is not intended to be used against attorneys for minor violations.").

In the month since the Court denied Plaintiff's TRO Motion, Plaintiff has filed (and this Court denied) a Motion to Clarify and Motion for Reconsideration (neither of which argued that the Complaint or Civil Cover Sheet satisfied Local Rule 7-19), sought and then withdrew his request for a preliminary injunction, and filed an amended complaint and amended civil cover sheet.  As the Court previously acknowledged, SAG-AFTRA's statement had no impact whatsoever on the Court's TRO Order.  Simply put, there is no plausible basis for the Sanctions Motion which is, at best, an attempt to relitigate an issue the Court already deemed irrelevant.

## IV. SAG-AFTRA CEASED TO ADVANCE AN ARGUMENT BASED ON THE CHALLENGED STATEMENT.

Additionally, sanctions are not warranted because SAG-AFTRA has refrained from arguing that Plaintiff's filings failed to comply with Local Rule 7-19. Rule 11 provides for a safe harbor, allowing a party against whom sanctions are threatened to withdraw or appropriately correct a challenged contention within 21 days. Fed. R. Civ. P. 11(c)(2). A party can appropriately correct a challenged contention by ceasing "to advocate such claims or defenses," if after further investigation, it learns the claims or defenses lack evidentiary support. *See id.* advisory committee's note to 1993 amendment (no need for "formal amendment to pleadings," rather, a litigant can comply with Rule 11 if it ceases to "advocate . . . claims or defenses"). If this occurs, the Rule 11 motion "must not be filed or presented to the court." Fed. R. Civ. P. 11(c)(2).

Here, despite Plaintiff's earlier filings about the Supplemental Declaration, the first time Plaintiff notified SAG-AFTRA of his assertion that the Complaint and Civil Cover Sheet contained the information required by Local Rule 7-19 was through Plaintiff's Sanctions Motion dated August 26, 2025.[3] SAG-AFTRA's very next substantive filing, its PI Opposition, did not repeat the argument at issue, and thus served to correct any perceived misstatement. *See ITC*

---

[3] Plaintiff's contention that SAG-AFTRA pursued the argument regarding Local Rule 7-19 after notice, *see* Sanctions Motion at 4–5, is unavailing. Plaintiff argues that his August 21, 2025 email put SAG-AFTRA on notice that the Complaint and Civil Cover Sheet contained the information required by Local Rule 7-19. However, Plaintiff's August 21, 2025 email *did not mention the Complaint or Civil Cover Sheet*, and thus could not have put SAG-AFTRA on notice of the purported misstatement. SAG-AFTRA's Opposition to Reconsideration was filed on August 25, 2025, one day before Plaintiff served his Sanctions Motion. As noted above, after receiving the Sanctions Motion served on August 26, 2025—which, unlike the August 21 email, *did* mention the Complaint and Civil Cover Sheet—SAG-AFTRA refrained from pursuing the argument about Plaintiff's compliance with Local Rule 7-19.

12

Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Sanctions

*Textile, Ltd. v. Ross Stores, Inc.*, No. CV 13-36-JFW (AJWX), 2013 WL 12130567, at *2–3 (C.D. Cal. Apr. 29, 2013) (explaining that "there is no duty to amend or withdraw pleadings or papers that counsel later determines to be without merit; Rule 11 simply prevents counsel from pursuing the prior pleadings in future papers or arguments to the court," and finding that plaintiff did not violate Rule 11 when he took no further action to pursue certain claims); *Altin Havayolu Tasamaciligi Turizm Ve Tic v. Sinnarajah*, No. C-07-6475 EDL, 2008 WL 2383212, at *2 (N.D. Cal. June 9, 2008) ("appropriate correction of a pleading can be formal or informal").

Accordingly, because SAG-AFTRA has not continued to pursue the challenged argument, Plaintiff's Sanctions Motion should be denied.

## V. PLAINTIFF FAILED TO COMPLY WITH THE MEET-AND-CONFER REQUIREMENT.

Finally, Plaintiff's Sanctions Motion should be denied because he failed to comply with Local Rule 7-3's meet-and-confer requirement prior to filing the motion. This Court's Standing Order cautions that it "strictly enforces [Rule 7-3] for all parties, including pro se litigants." Dkt. No. 9 at 6. Local Rule 7-3 provides, in relevant part, that "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." L.R. 7-3. "The conference must take place in person, by telephone, or via video conference at least 7 days prior to the filing of the motion." *Id.* If the parties are unable to reach a resolution, the counsel for the moving party must include with its motion "a declaration, under penalty of perjury, that sets forth at a minimum the date(s) the conference took place and the position of each party with respect to each disputed issue that will be the subject of the motion." *Id.* In addition to the requirements set forth in the Local Rules, this Court's Standing Order requires a notice of motion to

13

1  include a statement of compliance with Local Rule 7-3, and it cautions that "[t]he
2  Court may strike or outright deny a motion that lacks a prominent statement of
3  compliance with Local Rule 7-3, or if counsel fail to meet and confer in good
4  faith." Dkt. No. 9 at 6.
5        Here, although Plaintiff was aware of the meet and confer requirement
6  because SAG-AFTRA met with him before filing its motion, he did not comply
7  with it before filing the Sanctions Motion. Davis Decl. ¶¶ 3–4. As such, he did not
8  include the required documentation indicating compliance with the requirement as
9  set forth in Rule 7-3 (requiring a declaration) and this Court's Standing Order
10 (requiring a statement of compliance in the notice of motion). For this reason, the
11 Motion for Sanctions should be denied. *See, e.g.*, *Plong v. BM Realestate Servs.*
12 *Inc.*, No. 2:20-CV-06999-JWH-AGRX, 2022 WL 22871445, at *3 (C.D. Cal. Aug.
13 9, 2022) (denying Rule 11 motion where pro se plaintiffs, *inter alia*, failed to
14 comply with the meet-and-confer requirement).

## CONCLUSION

For all the foregoing reasons, the Court should deny Plaintiff's Motion for Sanctions.

Dated: October 3, 2025
         New York, New York

                        Respectfully submitted,

                        */s/ Susan Davis*
                        Susan Davis (*pro hac vice* admitted)
                        Olivia R. Singer (Calif. Bar No. 312770)
                        Kayla Morin (*pro hac vice* admitted)
                        COHEN, WEISS and SIMON LLP
                        909 Third Avenue, 12th Floor
                        New York, New York 10022-4869
                        Tel: (212) 563-4100
                        sdavis@cwsny.com
                        *Attorneys for Defendant SAG-AFTRA*

14

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 11-6.2 of the United States District Court for the Central District of California, the undersigned, counsel of record for Defendant SAG-AFTRA, certifies that this brief contains 4,269 words, which complies with the word limit of L.R. 11-6.1.

Dated:      October 3, 2025
            New York, New York

                                        /s/ Susan Davis