ALEXANDER DOUGLAS PLANK

c/o Arise Artists Agency

PO Box 930

Manhattan Beach, CA 90267

Phone: (703) 966-8504

Email: alex@alexplank.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ALEXANDER DOUGLAS PLANK, | |
|---|---|
| Plaintiff, | |
| v. | Case No. 2:25-cv-07523-AB-SSCx |
| SAG-AFTRA, | |
| Defendant. | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS**

Plaintiff has never contended that the inclusion of opposing counsel's information on the Civil Cover Sheet or an exhibit was sufficient to establish compliance with L.R. 7-19. The compliance issue was presented in Plaintiff's motion for reconsideration, which did not argue that docket 1 or 1-1 satisfied Rule 7-19.

The present Rule 11 motion raises a different issue: the accuracy of counsel's statements to the Court. In their opposition papers, Defendant's counsel stated categorically that Plaintiff "did not include the 'telephone number and e-mail address of counsel for the opposing party' in any of the documents filed." That assertion is objectively false. Plaintiff's Civil Cover Sheet (docket 1-1) did, in fact, include opposing counsel's information.

The distinction matters. Counsel could have limited their argument to whether

Plaintiff's filings met the technical requirements of L.R. 7-19. Instead, they went further and represented to the Court a factual proposition—that no filing contained the information—which was demonstrably incorrect. The Court's denial of reconsideration does not excuse that misrepresentation. The two questions are distinct: (1) whether Plaintiff complied with Rule 7-19, and (2) whether counsel's statements about what Plaintiff filed were truthful. The former was already answered by the Court. The latter is the basis for Rule 11.

If counsel had viewed this point as inconsequential, there was no reason to raise it. They could have simply argued that Plaintiff had not technically complied with L.R. 7-19. Instead, they affirmatively represented that Plaintiff never included opposing counsel's information in any filing. At a minimum, the statement created an appearance of prejudice. It was not only unnecessary to the legal argument but also carried the rhetorical effect of portraying Plaintiff as careless with even the most basic rules. That choice heightens, rather than lessens, the need for accuracy.

DATED: October 10, 2025                    /s/ Alexander Douglas Plank

                                           Alexander Douglas Plank
                                           c/o Arise Artists Agency
                                           PO Box 930
                                           Manhattan Beach, CA 90267
                                           Phone: (703) 966-8504
                                           Email: alex@alexplank.com